### STATE v. CAD DUKES.

*Indictment for Fornication and Adultery—Evidence.*

1. In the trial of an indictment for fornication and adultery, it is
   not necessary to show by direct proof the actual bedding
   and cohabiting, but only beyond a reasonable doubt circum-
   stances from which the guilt of the parties may be inferred.

2. While evidence of an act of illegal intercourse occurring more
   than two years before the indictment is not competent as
   substantive testimony, it may be considered, if believed, as
   corroborative evidence of subsequent association.

INDICTMENT for fornication and adultery, tried before
*Graham, J.,* and a jury at Spring Term, 1896, of NORTH-
AMPTON Superior Court.   The defendants were convicted
and the male defendant appealed.   The facts are stated in
the opinion of the Associate Justice AVERY.

*Attorney General,* and *Mr. Perrin Busbee,* for the State.
*Messrs. MacRae & Day,* and *Calvert,* for defendant
(appellant).

AVERY, J.: More than two years before the male defend-
ant was indicted he was seen, if the testimony was believed,
taking a very indecent liberty with the female defendant,
who, on remonstrance by the person who saw the act, said

in the presence of Cad Dukes "it was pretty much what they had done." In connection with this, there was evidence tending to show that they lived a half mile apart, and that a witness had seen them frequently together at his own house and elsewhere up to ten months ago. The witness, who testified to the indecent liberty, had not seen them together since last Spring. It was in evidence that she gave-birth to a child last Spring.

The defendant's counsel asked the court to instruct the jury that upon the whole evidence the defendants are not guilty. To the refusal of the court to comply with this request the defendant Cad Dukes excepted and appealed.

The court told the jury in substance that this offence was of such a nature that it was not necessary to show by direct proof the actual bedding and cohabiting together, but that it was sufficient to show, beyond a reasonable doubt, circumstances from which the jury might reasonably infer the guilt of the parties. They were instructed further that evidence of an act of illegal intercourse, which occurred more than two years before the finding of the indictment, was not competent as substantive testimony, but might be considered, if believed, as corroborating evidence of subsequent association. There was no error in the instruction given. *State* v. *Guest,* 100 N. C., 410 ; *State* v. *Kemp,* 87 N. C.. 538 ; *State* v. *Poteet,* 8 Ired., 23 ; *State* v. *Pippen,* 88 N. C., 647.

The rules of evidence are founded upon reason and common sense. When parties, who have been once seen in the attitude described by a witness, continue to associate with each other for a year in which time the visits of the male defendant often average twice a week, the law allows a juror to draw the same inference that every other reasonable man deduces from such circumstances.

No Error.