608 STATE v. STRODEMIER.

[No. 5835. Decided December 6, 1905.]

# THE STATE OF WASHINGTON, *Respondent,* v. HENRY STRODEMIER, *Appellant.*[1]

VENUE—CHANGE—PREJUDICE OF JUDGE—RELATIONSHIP TO PROSE- CUTING WITNESS—ABUSE OF DISCRETION. The fact that the trial judge is a brother of the prosecuting witness is not alone sufficient to sus- tain a charge of prejudice, and a denial of a motion for a change of venue based on such fact will not be reviewed except for abuse of discretion.

SAME—PREJUDICE OF JUDGE—ERRONEOUS RULINGS. Erroneous rul- ings of a judge during the trial, after the denial of a motion for a change of venue, do not convict him of prejudice entitling the ac- cused to the change.

CRIMINAL LAW—CATTLE STEALING—JUSTIFICATION UNDER AGREE- MENT—CROSS-EXAMINATION—MISTAKE AS TO CATTLE REFERRED TO. Upon a prosecution for the larceny of four head of cattle running on the range, the taking of which is admitted and justified under an alleged agreement with the owner that the accused could take up and sell four steers of the same brand, not gathered by the owner the winter before, the accused has the right, after the prosecuting wit- ness has testified that he did not authorize the accused to take up and sell the cattle described in the information, to show on cross-examina- tion the aforesaid agreement, without confining the inquiry to the cattle specified in the information; since the cross-examination is directly connected with the testimony in chief, and the taking of any cattle in good faith under the agreement would be a complete defense to the accusation.

CRIMINAL LAW — EVIDENCE AS TO PREVIOUS CHARGES AGAINST ACCUSED. Upon a prosecution for larceny it is unnecessary, and prej- udicial error, for the state, in order to lay a foundation for intro- ducing the testimony of the accused on former trials, to show that the accused had twice before been charged with and put on trial for similar offenses.

SAME—LAYING FOUNDATION. Such evidence is not justified in the state's case in chief, as a foundation for the evidence on the former trial, since it is only when desired for impeachment that it is neces- sary to lay a foundation by showing the time, place, and circum- stances of the statement.

1Reported in 82 Pac. 915.

Appeal from a judgment of the superior court for Douglas county, Steiner, J., entered May 26, 1905, upon a trial and conviction of the crime of cattle stealing.    Reversed.

*W. J. Canton* and *W. E. Southard,* for appellant.

*W. A. Reneau* and *Sam B. Hill,* for respondent.

RUDKIN, J.—The appellant was convicted of the crime of cattle stealing, and prosecutes this appeal from the judgment and sentence of the court.    Before the commencement of the trial, the appellant moved for a change of venue under Bal. Code, § 6794, on the ground that he believed he could not receive a fair trial in the county where the action was pending, owing to the prejudice of the judge.    This motion was denied.    The affidavit in support of the motion averred, in substance, that one F. S. Steiner, of Douglas county, Washington, was a brother of the presiding judge of the court in which the prosecution was pending; that said F. S. Steiner was the secretary, and a salaried officer, of the Eastern Washington Stock Association, of said Douglas county; that the principal object of said association was to prosecute offenders for the crime of cattle stealing; that said F. S. Steiner was the chief prosecuting witness against the appellant, was chiefly instrumental in pressing the prosecution against him, and took an active interest therein; that by reason of said facts and said relationship the appellant believed that he could not receive a fair and impartial trial before said judge.    It was not shown or claimed that the presiding judge had any interest whatever in said prosecution, or that any act or statement of his indicated prejudice. on his part.

The mere relationship of a judge to a person interesting himself in the prosecution of a criminal charge, pending before such judge, is not sufficient, of itself, to sustain a charge of prejudice against the judge.    Courts are always reluctant to try cases in which their fairness is challenged,

however slight the foundation for the challenge may be, but applications of this kind are addressed to the sound discretion of the trial court, and appellate courts will not interfere unless an abuse of that discretion is shown. No such abuse is shown in the record before us. The appellant further contends that an inspection of the record on appeal will convince this court that the presiding judge was in fact prejudiced against him. If we are permitted to inspect the record to aid us in determining this motion, mere erroneous rulings of a trial judge do not convict him of prejudice against the party to whom the rulings are adverse. *Burke v. Mayall,* 10 Minn. 287.

Passing now to the merits of the case, the information charges, and the proof tends to show, that the cattle in question were taken or stolen on or about September 25, 1904. The taking of the cattle by the appellant was not an issue in the case, at least, after he took the witness stand in his own behalf. He admitted the taking, and sought to justify or excuse his acts under the following agreement. Some time in the month of April, 1904, the appellant had a conversation with the prosecuting witness, relative to four head of cattle belonging to the prosecuting witness, which were left out on the range during the preceding winter. In such conversation, the prosecuting witness agreed to give the appellant one of said cattle, or 25 per cent of what the appellant could get out of them, in case he should find them. While the prosecuting witness was on the stand as a witness for the state, he testified, in response to questions asked by the prosecuting attorney, that he never authorized the appellant, or one Claypool jointly informed against with the appellant, or any other person, to sell or dispose of the cattle described in the information, at any time prior to September 25, 1904. On the cross-examination of this witness the following occurred:

"Q. Did Strodemier [the appellant] stop at your place along about April, 1904? Objected to as immaterial and

improper cross-examination.  A. I believe so.  Q. Didn't
you have a conversation with him at that time with reference
to some cattle you had upon the range that you hadn't gath-
ered the year before?  Objected to as improper cross-examina-
tion.  Objection sustained by the court, to which ruling the
defendant by his counsel then and there excepted.  Q. I will
ask you to state to the jury if you did not in April, about
the month of April, 1904, state to Mr. Strodemier that you
had some steers running on the range that you had not
gathered the winter before, and did you not then authorize
him that, if he found these cattle, these four steers, that he
might gather them and that you would give him one of
them, or would give him 25 per cent of what he could get
out of them.  Objected to as immaterial, irrelevant, incompe-
tent and improper cross-examination.  Sustained by the
court.  Q. Branded with your brand, that you have de-
scribed here?  I will ask you if, in the month of April, if
you did not give the defendant here leave to gather these
cattle described in the information?  A. No, sir.  Q. Did
you not at that time give him leave to gather four steers
branded with this brand you have described here?  Objec-
tion.  Immaterial, improper cross-examination.  Objection
withdrawn.  A. I did not have four steers—.  Q. State
to the jury what the conversation was about.  Objected to
as immaterial, nothing to do with this case.  Objection, sus-
tained by the court.  Court.  I will state that you may go
into these four steers mentioned in this information, you may
go into that fully, find out all you can, but you will not be
permitted to go into a list of other cattle that are not in-
volved in this action.  This is cross-examination, you cannot
go into the double L brand outside of these four cattle.  To
which ruling of the court defendant by his counsel then
and there excepted.  Q. I will ask you if you had other
cattle on the range branded with this brand.  Objected to
as immaterial.  Sustained; to which ruling of the court the
defendant then and there by his counsel excepted.  Q. I
will ask you if, about the middle of the month of October,
1904, out at your store in Douglas county, Washington, if
you did not tell Major Canton that you gave the defendant
permission to gather four head of cattle, branded with your
brand, and that you would give him one of the cattle, or
would give him 25 per cent of what he could get out of

them? Objected to as immaterial, not proper cross-examination, no foundation laid. Court. The ruling is that you cannot go into any other cattle than these four steers, if you will direct your question, shape it along' so as to refer to a material matter, you may ask it; the objection is sustained. To which ruling of the court the defendant by his counsel then and there excepted. Q. I will ask you if at any time you gave the defendant permission to gather any cattle branded with this brand. Objected to, and objection sustained. To which ruling of the court the defendant by his counsel then and there excepted."

There are two material errors in these rulings. First, the questions propounded on cross-examination were directly connected with matters testified to by the witness on his examination in chief, and were therefore proper. Second, the ruling of the court that the agreement would constitute no defense unless it'were shown to relate to the identical cattle described in the information is clearly erroneous. Had this been a civil action between the appellant and the prosecuting witness, involving the appellant's right to compensation for taking up the cattle, it would then have been incumbent on him to show that they were the identical cattle referred to in the agreement, but in a criminal prosecution the rule is otherwise. If the appellant in good faith believed that these were the cattle referred to in the agreement, and took them up in that belief, he was guilty of no crime, even though he was mistaken. It requires no argument to show that a man should not be convicted of a felony and committed to the penitentiary for an honest mistake, yet this was the clear import of the court's ruling, when it held that the agreement was immaterial and would constitute no defense, unless it related to the identical cattle described in the information. It is no answer to this to say that the appellant might have called the prosecuting witness in his own behalf. He was under no obligation to do so, but had an absolute right to ask these questions on cross-examination.

It is next assigned as error that the court permitted the

respondent to prove that the appellant had been twice before
tried in the same court on criminal charges. It appears that
two criminal cases against the appellant were tried in De-
cember, 1904, and January, 1905, and before the trial of
the case in which this appeal is taken. The state deemed
some of the testimony given by the appellant on such former
trials material on the trial of this case, and to prove such
testimony called the stenographer who reported the testimony
on the other trials as a witness. He was asked these ques-
tions:

"Q. State whether or not you attended the trial of the
State of Washington against Henry Strodemier in January
1905? A. Yes, sir. Q. In this court? A. Yes, sir. Q.
State whether or not you took the' testimony of this case.
A. Yes, sir. Q. State whether or not you took the testimony
of the case of the State of Washington vs. Henry Strodemier
in another case tried in this court at that time? Objected
to as immaterial, irrelevant, incompetent. A. Yes, sir, last
of December, 1904, or the first of January, 1905. Objection
was overruled. To which ruling of the court defendant by
his counsel then and there in open court excepted."

Had the prosecuting attorney stated that the appellant had
been twice before tried in the same court for violating the
laws of the state for the sole purpose of bringing that fact
before the jury, it would have been misconduct on his part;
and had the trial court admitted testimony over objection
to prove such fact for a like purpose, the ruling would have
been plainly erroneous. *State v. Thompson,* 14 Wash. 285,
44 Pac. 533; *State v. Bokien,* 14 Wash. 403, 44 Pac. 899;
*State v. Gottfreedson,* 24 Wash. 398, 64 Pac. 523, *State
v. Carpenter,* 32 Wash. 254, 73 Pac. 357; *State v. Eder,*
36 Wash. 482, 78 Pac. 1023. The respondent concedes this,
but justifies its course on the ground that it was competent
for it to prove the testimony given by the appellant on the
former trials, and that, before this could be done, it must
lay a foundation by stating the time, the place, and the sur-
rounding circumstances. We readily concede that the re-

spondent had a right to prove statements made by the appellant, under oath or otherwise, which had a material bearing on the issues before the court, but its further contention is untenable. These statements or admissions were offered as original evidence, and as a part of the state's main case. It is only where questions are propounded with a view of impeaching a witness that it becomes necessary to lay a foundation for the impeachment by stating the time, the place, and the surrounding circumstances. As well might it be claimed that the execution of a contract could not be proved without first proving that one of the parties to the contract was in the penitentiary at the time of its execution, if such were the fact. Had these questions been propounded to the appellant with a view of impeaching him, there would be some force in the respondent's argument; but even in that case, we think the foundation could have been sufficiently laid without bringing out the fact that the appellant was on trial at the time for a crime. We think a statement of the time and place would sufficiently identify the occasion. A showing that a defendant has been charged with crime on at least two former occasions can have no other effect than to prejudice his case in the eyes of the jury, and all attempts to bring such facts before the jury have been strongly condemned by this court. Prosecuting officers should not allude to them, and trial courts should not tolerate the practice. If a defendant takes the witness stand in his own behalf, the state may prove that he has been theretofore convicted of a felony for the purpose of affecting his credibility, but beyond this it cannot go. We are not prepared to say that what occurred on this trial, in this connection, would be sufficient of itself to warrant a reversal, but we make these observations in view of a retrial that must be granted on other grounds. We do not deem it necessary to discuss the other errors assigned, further than to say that on a retrial the appellant has a right to cross-examine the prosecuting wit-

ness fully as to the existence and terms of the agreement herein referred to, and to have the effect of such agreement, as a defense, submitted to the jury under proper instructions.

For the reasons heretofore given, the judgment is reversed and a new trial ordered.

MOUNT, C. J., FULLERTON, HADLEY, CROW, ROOT, and DUNBAR, JJ., concur.