[No. 9735. Department Two. December 19, 1911.]

THE STATE OF WASHINGTON, *Respondent*, v.
GEORGE W. WORKMAN, *Appellant*.[1]

RAPE—"INTERCOURSE"—EVIDENCE—SUFFICIENCY. A conviction of statutory rape is sustained by the testimony of the prosecutrix that the defendant had "intercourse" with her, where it appears that she meant sexual intercourse and fully comprehended her statements.

RAPE—EVIDENCE—CORROBORATION—SUFFICIENCY. In a prosecution for statutory rape, evidence that the defendant had admitted a similar act with the prosecutrix is sufficient corroboration of her testimony, and any doubt as to the meaning of the language used in the admissions raises a question for the jury.

RAPE—PREVIOUS CHASTE CHARACTER—REPUTATION—EVIDENCE—AD-MISSIBILITY. In a prosecution for statutory rape under Rem. & Bal. Code, § 2436, relating to carnal knowledge of a female of previous chaste character between fifteen and eighteen years of age, evidence is admissible on the part of the defense of the previous general reputation of the prosecutrix as to unchastity, as going to her credibility as a witness, but is not admissible to prove her unchaste condition (CHADWICK, J., dissenting).

CRIMINAL LAW—TRIAL—SEVERAL OFFENSES—ELECTION—NECESSITY. In a prosecution for statutory rape upon a female of previous chaste character between fifteen and eighteen years of age, where the evidence tends to show three distinct offenses occurring at different times and places, it is reversible error for the court to deny defendant's motion, after the testimony is in, to compel the prosecution to make an election as to the offense relied upon for conviction.

Appeal from a judgment of the superior court for King county, Gay, J., entered May 6, 1911, upon a trial and conviction of rape. Reversed.

*A. G. McBride*, for appellant.

*John F. Murphy* and *Crawford E. White*, for respondent.

[1]Reported in 119 Pac. 751.

ELLIS, J.—Appeal from a judgment entered upon a verdict convicting the appellant of the crime of statutory rape.

The refusal of the court to direct a verdict of acquittal upon appellant's motion after the state had rested is the first assignment of error. It is claimed that, because the prosecuting witness testified that she had "intercourse" with the appellant, that this was not sufficient to prove sexual intercourse. One authority, *People v. Howard*, 143 Cal. 316, 76 Pac. 1116, so holding is cited, but we are not inclined to follow so technical a rule. It is plain from the whole of her testimony that she meant sexual intercourse and fully comprehended what she was talking about.

It is also contended that there was not sufficient corroboration of the testimony of the prosecuting witness, as required by the statute. Rem. & Bal. Code, § 2443. One witness testified to an admission of a similar act by the appellant with the prosecuting witness. If this admission was made, it was sufficient corroboration. *State v. Jonas*, 48 Wash. 133, 92 Pac. 899. While it is urged that the language used in the admission, by a very strained and unnatural construction, might mean something else, its use was undisputed, and it was for the jury to say whether there was any reasonable doubt as to its meaning.

The principal ground of defense was the claim that the prosecutrix was not of a "previously chaste character," as required by the statute (Rem. & Bal. Code, § 2436), she being over fifteen and under eighteen years of age. The court refused to admit evidence of her previous general reputation as to chastity, holding that there should be some evidence of previous specific acts of unchastity with other men before evidence as to her general reputation in that respect would be admissible.

The obvious purpose of the statute is to protect females over fifteen and under eighteen years of age even in case of actual consent. The words "previously chaste character," as used in the statute must, therefore, be construed to mean

an actual physical condition, as distinguished from a chaste state of mind as shown by general conduct. Evidence of a reputation for unchastity would tend to negative the latter, while evidence of specific acts would tend to negative the former. In cases where lack of consent is a material element of the crime, it has usually been held that evidence of prior reputation for unchastity is admissible only as tending to show probable consent. Obviously such evidence would not be admissible in cases of statutory rape where consent is not material.

. "When the statute makes carnal knowledge of a female of previous chaste character under a specified age rape, chastity is presumed until the contrary is proved, and want of chastity in such cases must be shown by specific acts and not by general reputation." 33 Cyc. 1482.

See, also, Underhill, Criminal Evidence (2d ed.), § 418; 10 Ency. of Evidence, pp. 602, 603. Such evidence of general reputation for unchastity, however, would be admissible, not as a defense, but as going to the credibility of the prosecuting witness. *State v. Coella*, 3 Wash. 99, 28 Pac. 28; 33 Cyc. p. 1482.

Error is also predicated upon certain instructions given by the court. What we have said touching the admission and effect of evidence, however, disposes of the questions raised on instructions and no good purpose would be served by reviewing them.

The state's evidence tended to prove three distinct commissions of the offense occurring at different times and places. At the close of the state's case, the appellant moved the court to require the prosecution to elect which one of these it would rely upon for a conviction. The court denied the motion. This ruling was excepted to, and is assigned as error. We think that, both on reason and authority, this assignment is well taken. In case of conviction, where the evidence tends to show two separate commissions of the crime, unless there is an election it would be impossible to

know that either offense was proved to the satisfaction of all of the jurors beyond a reasonable doubt. The verdict could not be conclusive on this question, since some of the jurors might believe that one of the offenses was so proved and the other jurors wholly disbelieve it but be just as firmly convinced that the other offense was so proved. The greater the number of offenses in evidence, the greater the possibility, or even probability, that all of the jurors may never have agreed as to the proof of any single one of them. The true rule would seem to be that, while evidence of separate commissions of the offense may be admitted as tending to prove the commission of the specific act relied upon, the proper course in such a case, after the evidence is in is to require the state to elect which of such acts is relied upon for a conviction. *State v. Osborne*, 39 Wash. 548, 81 Pac. 1096; *State v. Sargent*, 62 Wash. 692, 114 Pac. 868.

We are constrained to hold that the refusal of the court to require an election by the state was prejudicial error. For this reason, the judgment is reversed and the cause remanded for a new trial.

DUNBAR, C. J., MORRIS, and CROW, JJ., concur.

CHADWICK, J. (dissenting in part)—Considering the history of the act upon which this case rests, I think evidence of general reputation for unchastity should be received for all purposes, and to that extent I disagree with the reasoning of Judge Ellis. I concur in the result.