[Crim. No. 666.   First Appellate District.—April 17, 1917.]

## THE PEOPLE, Respondent, v. VITALE MARINO, Appellant.

CRIMINAL LAW—RAPE—EVIDENCE OF PRIOR ACTS.—In a prosecution for the crime of rape, evidence of the commission of prior acts is admissible upon the theory that the same tends to show the lewd and lascivious tendencies and disposition of the prosecutrix and defendant.

ID.—EVIDENCE OF PRIOR PREGNANCY AND ABORTION.—In a prosecution of a father for rape upon his seventeen year old daughter, evidence that when the prosecutrix was about fourteen years of age she became pregnant as the result of an act of sexual intercourse with her father, and when she informed him that "she did not get her monthlies," he stated that he knew what was the matter with her and took her to a doctor, who performed an abortion, is admissible for the purpose of showing that the defendant's conduct when in-

formed of the interruption of the daughter's menstrual periods was tantamount to an admission that he knew she was pregnant, and that he was the cause thereof.

ID.—PENETRATION OF SEXUAL ORGANS—INSTRUCTION.—In such a prosecution, while it was improper to refuse to instruct the jury that the defendant should not be convicted unless it could be said after consideration of all the evidence that the defendant had penetrated the sexual organs of the prosecutrix, the defendant was not prejudiced by such refusal, where the jury were instructed in accordance with section 261 of the Penal Code defining the crime of rape to be an act of sexual intercourse accomplished with a female not the wife of the defendant, when the female is under the age of eighteen, since the phrase "sexual intercourse" implies actual penetration.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order denying a new trial. W. A. Beasly, Judge.

The facts are stated in the opinion of the court.

W. H. Tully, for Appellant.

U. S. Webb, Attorney-General, John H. Riordan, Deputy Attorney-General, Arthur M. Free, District Attorney, and Archer Bowden, Deputy District Attorney, for Respondent.

LENNON, P. J.—Upon this appeal from a judgment of final conviction after a verdict finding the defendant guilty of the crime of rape upon his seventeen year old daughter, the sufficiency of the evidence to support the verdict is not challenged. A reversal of the judgment is urged because of the ruling of the trial court, which, over the objection of the defendant, permitted the prosecutrix to testify in substance that when she was about fourteen years of age she became pregnant as the result of an act of sexual intercourse with her father. Upon that occasion she told her father, the defendant, that "she did not get her monthlies." The defendant replied: "I know what's the matter with you—you are in the family way." The defendant then left the house and two or three hours later returned, whereupon he said to the prosecutrix: "Dress up and I will take you to a place where you will get over what you have." Defendant took the prosecutrix to the home of a Mr. Gibson, and while there told her in Italian to "tell Dr. Gibson" that she was "in a family

way.'' She so told Gibson, who replied that he could help
her but that he ''could not do it for nothing.'' Whereupon
the defendant promised to pay Gibson the sum of $50. At
this point in the testimony of the prosecutrix the trial court
sustained an objection to a question which sought to elicit
what Gibson did to her, but permitted her to say that she
remained alone with Gibson for three or four hours, after
which she was taken ''to some place to get well,'' where she
remained ''very ill'' for about a week. The defendant called
there to see her in the evening of the day that she left Gib-
son's house, and said to her, ''How are you? Are you
better?''

We see no error in the ruling complained of which per-
mitted the above narrated facts to go in evidence. The act of
sexual intercourse referred to therein was one of a series of
such acts which the prosecutrix testified had been committed
with her by the defendant from the time that she was fourteen
years of age. Under the settled rule in this state the evidence
of those prior acts was admissible in support of the charge
upon which the defendant was being tried, upon the theory
that it tended to show the lewd and lascivious tendencies and
disposition of the prosecutrix and defendant. (*People* v.
*Castro,* 133 Cal. 11, [65 Pac. 13].) It is conceded that if
the pregnancy of the prosecutrix and the abortion to which
she testified had resulted from the act of intercourse which
constituted the basis of the charge for which the defendant
was convicted, proof thereof would be proper and pertinent
for the purpose of establishing the *corpus delicti.* (*People*
v. *Tarbox,* 115 Cal. 57, [46 Pac. 896].) While in the case of
*People* v. *Soto,* 11 Cal. App. 431, [105 Pac. 420], the court
said: ''So far as we are aware'' it has never been held that
proof of the pregnancy of the prosecutrix under the age of
consent is admissible except for the purpose of establishing
the *corpus delicti* of the charge, on the other hand we know of
no authority—and none has been cited to us—which holds
that such proof of pregnancy, and evidence of an abortion
performed upon the prosecutrix, as the result of one of a series
of prior acts of sexual intercourse are not admissible as tend-
ing to show the commission of that act. However that may
be, the record shows that the proof pertaining to the preg-
nancy of the prosecutrix following the particular prior act
in question, and the abortion performed upon her, was prof-

fered and received primarily for the purpose of showing that the defendant's conduct when informed by his daughter of the interruption of her menstrual periods was tantamount to an admission that he knew she was pregnant, and that he was the cause thereof. Such we think was the fair inference to be drawn from such testimony, and consequently for that purpose, if for no other, it was admissible. The fact that it also tended to show the commission of two separate, independent, and outlawed crimes did not render it incompetent as evidence for the purpose for which it was offered. Being one of a series of prior acts of sexual intercourse, the remoteness of the particular act under discussion, and of the incidental pregnancy and abortion from the time of the commission of the particular act forming the basis of the charge on trial may have lessened the weight of such evidence, but did not destroy its relevancy.

The trial court refused a requested instruction to the effect that proof of penetration, however slight, was essential to the crime of rape, and that therefore the defendant should not be convicted unless it could be said, after a consideration of all of the evidence, to a moral certainty, etc., that the defendant had penetrated the sexual organs of the prosecutrix. While this instruction correctly stated the law, and should not perhaps have been refused, nevertheless the failure to give it caused no detriment to the defendant, for the reason that the trial court in its charge, in substantial accord with the language of the statute (Pen. Code, sec. 261), defined the crime of rape to be ''an act of sexual intercourse accomplished with a female not the wife of the defendant when the female is under the age of eighteen.'' The phrase ''sexual intercourse'' as employed in this definition of rape, is commonly understood, we think, to imply an actual penetration. This being so, it is evident that the charge of the court, considered as a whole, in effect required the jury to find the fact of penetration before they could find the defendant guilty.

The judgment and order appealed from are affirmed.

Richards, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 14, 1917.