[No. 18984. Department One. March 20, 1925.]

THE STATE OF WASHINGTON, *Respondent*, v. AXEL K. HANSON, *Appellant*.[1]

CRIMINAL LAW (445)—APPEAL—HARMLESS ERROR—RULINGS AS TO PLEAS. The denial of a motion to dismiss an information because of the pendency of a prior one is without prejudice, where the prior one was dismissed on motion a few minutes thereafter.

CRIMINAL LAW (107)—RAPE (16)—EVIDENCE—OTHER OFFENSES— ELECTION. In a prosecution for rape, evidence of other offenses is admissible as tending to prove the one charged, where the state is required to elect between them; and the fact that the defense is an alibi does not change the rule.

WITNESSES (60)—EXAMINATION—LEADING QUESTIONS. It is largely discretionary to allow the asking of leading questions.

CRIMINAL LAW (356)—NEW TRIAL—NEWLY DISCOVERED EVIDENCE— DILIGENCE. It is proper to refuse a new trial for newly discovered evidence consisting of a letter which was known and at all times available to the accused.

SAME (360)—NEW TRIAL—NEWLY DISCOVERED EVIDENCE—PROBABLE EFFECT. Newly discovered evidence upon an issue as to an alibi is not ground for a new trial where it comes far from establishing the defenses and would probably not have changed the result.

Appeal from a judgment of the superior court for Jefferson county, Ralston, J., entered June 12, 1924, upon a trial and conviction of rape. Affirmed.

*A. R. Coleman*, for appellant.

*A. Henry Packard*, for respondent.

MAIN, J.—On March 11, 1924, the prosecuting attorney for Jefferson county filed an information charging the defendant with the crime of having had carnal knowledge of a female child under the age of 18 years, not his wife. On May 9, 1924, another information was filed charging the defendant with the same crime.

[1]Reported in 234 Pac. 28.

The first information alleged that the crime was committed on or about the 2d day of January, 1924; the second alleged that it was committed on the 2d day of January, 1924. On May 14, 1924, the defendant moved to set aside the second information on the ground that the first action was still pending. This motion was filed at 9:25 a. m. and apparently was immediately denied. At 9:30 a. m. of the same day, a motion for dismissal of the prior information was entered, and the record indicates that it was at once granted. The case went to trial before a jury on the 21st day of May, 1924, and the state rested its case at 11:32 a. m. on that day. An adjournment of court was taken until 1:30 p. m. When court reconvened, the state was permitted to reopen its case and recall the prosecuting witness. This witness had testified to four acts of intercourse with the defendant. The state elected to rely upon the act testified to as having occurred on "March 4, 1924, at the Shauer place." The state then again rested and the defendant was called as a witness in his own behalf. The trial resulted in a verdict of guilty, and from the judgment entered upon the verdict, this appeal is prosecuted.

The appellant first assigns error in the ruling of the court in refusing to sustain his motion to dismiss the second information. Conceding that two informations for the same offense cannot be pending against a party at the same time, it does not follow that the court erred in its ruling. It does not appear that the appellant was in any wise prejudiced. Had the first information been dismissed before the second was filed, the court would undoubtedly have directed that the defendant be held until another information was prepared and filed.

The second assignment of error is that the court erred in permitting the prosecuting witness to testify to any other act of intercourse than the particular one

alleged in the information, since the defense was an alibi. The rule is well settled in cases of this kind that evidence of other offenses than the particular one alleged in the information may be admitted as tending to prove the commission of the specific act relied on, and the proper course in such a case is, after the evidence is in, to require the state to elect which of such acts is relied upon for a conviction. *State v. Fetterly,* 33 Wash. 599, 74 Pac. 810; *State v. Workman,* 66 Wash. 292, 119 Pac. 751; and *State v. Rasmussen,* 125 Wash. 176, 215 Pac. 332. The fact that appellant's defense was that of an alibi does not change the rule. The court properly permitted the complaining witness to testify to other acts than the particular one charged.

The third assignment of error is that the prosecuting attorney was permitted to ask leading questions of the complaining witness. This is a matter which rests largely in the discretion of the trial court and such discretion was not abused in this case. There was no error in this respect.

The last assignment of error challenges the ruling of the trial court in refusing to grant a new trial on the ground of newly discovered evidence. In support of the motion, appellant filed an affidavit to which he attached two cancelled checks which were dated at Port Angeles on March 4, 1924, and a letter written by the complaining witness at Quilcene on the same day at 5:30 p. m. He claims that, if this evidence were introduced, it would establish an alibi as to March 4, the day upon which the state elected to go to the jury for a verdict. There are two reasons why the court did not err in refusing to grant a new trial; first, the evidence was not newly discovered. It was among the papers in appellant's barber shop at Port Angeles at all times after his arrest until it was gotten by his brother after his conviction and taken to his attorney.

It is true the appellant had been confined in jail sub-sequently to his arrest on March 7, owing to his inability to give bond, but it cannot be said that the evidence was newly discovered, as it must have been known to him at all times that it was available if needed. In 20 R. C. L. 291, it is said:

"The very foundation of setting aside a verdict for newly discovered evidence rests upon the basis that the evidence is new; that it was not known to the party till after the trial, and accordingly a motion for a new trial on the ground of newly discovered evidence is properly overruled when the movant fails to show that the evidence was discovered since the trial. Evidence within the knowledge of a party at the time of trial, though he was absent from the trial, and failed to communicate it to his attorney, is not newly discovered."

When the state elected to rely on the date of March 4, the appellant did not claim surprise and ask for time in which to prepare a defense as to that particular date. Mr. Bishop, in his New Criminal Procedure, vol. 1, at § 966 (d) says:

"If during the trial a party is 'surprised,' as the expression is, by some unforeseen turn in the case for which he is not prepared,—for example, through having been misled as to testimony,—the court on request will grant such suspension or continuance as the emergency requires. Neglecting to apply for which, he cannot on defeat have a new trial; but if wrongfully refused, he may; and in emergencies less extreme, the court in its discretion will permit postponements after the trial has begun, for the parties to complete some needful preparation."

The second reason is that, assuming the evidence was newly discovered, it was not such as would probably cause a different result upon another trial, and therefore the motion was properly denied. Newly discovered evidence upon which a new trial is sought must

be such as would reasonably be expected to change the result. *Grist v. Schoenburg,* 115 Wash. 335, 197 Pac. 35; *State v. Thorp, ante* p. 61, 233 Pac. 297. The question of whether a different result would be probable upon another trial is one peculiarly within the discretion of the trial court and the exercise of that discretion, except in case of manifest abuse, will not be disturbed. *Roe v. Snyder,* 100 Wash. 311, 170 Pac. 1027. The appellant, while testifying in his own behalf, did not deny any of the acts of intercourse testified to by the complaining witness. In support of his defense of alibi he testified that he was in Port Angeles on March 4 and for sometime prior thereto had not been at Quilcene, where the act is alleged to have taken place. The distance between Port Angeles and Quilcene is something like fifty or sixty miles. The fact that the appellant drew checks on a certain day and that the complaining witness wrote him a letter on that day come far short of establishing his defense of alibi. With the modern means of travel it would have been easy for him to have been at Quilcene and have been guilty of the act charged, notwithstanding the facts set up in his motion.

The judgment is affirmed.

TOLMAN, C. J., BRIDGES, PARKER, and ASKREN, JJ., concur.