[No. 20804.  Department One.  December 9, 1927.]

THE STATE OF WASHINGTON, *Appellant*, v. DAN MORGAN, *Respondent*.[1]

[1] CRIMINAL LAW (109)—EVIDENCE—OTHER OFFENSES OR CONVICTIONS TO AFFECT CREDIBILITY. It is error, in a criminal case, to allow the state to prove that the accused had on a previous occasion been charged with a crime; the case not falling within Rem. Comp. Stat., § 2290, authorizing the state to show a prior "conviction" to affect his credibility.

[2] SAME (384)—APPEAL—RESERVATION OF GROUNDS—NECESSITY OF OBJECTION. In a criminal prosecution, a general objection to all transactions happening in another state, allowed by the court, is sufficient to raise the inadmissibility of testimony that the accused had been charged with the commission of a crime in such state.

[3] CRIMINAL LAW (118)—RAPE (21)—EVIDENCE—REMOTENESS—PERSONAL RELATION OF PARTIES. In a prosecution for statutory rape, the "remoteness" of evidence of other acts between the same parties, is generally to be determined not merely by lapse of time, but by all significant surrounding circumstances which, in the opinion and discretion of the trial judge, ought to have a bearing on its worthiness.

Appeal from an order of the superior court for King county, Kinne, J., entered May 24, 1927, granting a new trial upon a trial and conviction of rape. Affirmed.

*Ewing D. Colvin* and *R. L. Bartling*, for appellant.

*E. F. Kienstra*, for respondent.

[1]Reported in 261 Pac. 777.

MITCHELL, J.—By an information filed in the superior court, the defendant was charged with the crime of carnally knowing his step-daughter, sixteen years of age. The jury found him guilty. Defendant's motion for a new trial was granted upon the grounds, as stated in the order, that error was committed in admitting testimony too remote of prior improper sexual relations between the defendant and his step-daughter, and also in admitting evidence that the defendant had been informed against in another state for such prior improper relations and discharged after hearing. From the order granting a new trial, the state has appealed under Laws of 1925 (Ex. Sess.), p. 423, § 7; Rem. 1927 Sup., § 2183-1.

[1] The order appealed from must be affirmed upon the second ground. The case in this respect is not one falling within the terms of Rem. Comp. Stat., § 2290 [P. C. § 8725], which provides that a person convicted of crime shall be a competent witness in any civil or criminal proceeding, but that his conviction may be proved for the purpose of affecting the weight of his testimony, but, it is a case in which the prosecuting witness was permitted to testify in the state's case in chief that the defendant had been charged in another state, about three years ago, with sexual intercourse with her and that "we talked to the prosecuting attorney and his deputy and a lawyer and they dismissed the case from the court and said they would not do anything further," and that they then left that state.

A similar situation arose in the case of *State v. Arnold,* 130 Wash. 370, 227 Pac. 505. The defendant in that case upon testifying was asked on cross-examination concerning prior charges against him of crime. In discussing the matter this court said:

"Proving that one has been charged with a crime is not permissible under the statute quoted, nor is it ad-

missible under any rule of law for the purpose of affecting the credibility of his testimony, because a perfectly innocent man may be so accused; nor can we say that this cross-examination was not prejudicial. When a jury is informed that the defendant has previously been accused by the prosecuting attorney of some offense, it is manifest that it may thereby be prejudiced."

To the same effect the opinion in that case quotes from *State v. Strodemier,* 40 Wash. 608, 82 Pac. 915.

[2] Counsel for the state, however, say that the defendant did not object on this ground. But while the record is not as clear as it might be upon this point, it does show that the defendant had a general objection, recognized and allowed by the court, to all testimony on the part of the prosecution as to transactions happening in another state, which we think was sufficient, if any objection at all were required, under the broad discretion and liberal powers a trial judge necessarily has in protecting one accused of crime in his right to a fair trial.

[3] As to the remoteness of prior acts, this may become important or not according to the course taken in the new trial. As often happens in such cases, there was in this case testimony of many such acts in addition to the one for which the defendant was tried; all of which acts were denied by the defendant. The admissibility of testimony of prior acts and the purpose for such testimony in cases of this kind are well established and recognized in the law. As stated in *State v. Fetterly,* 33 Wash. 599, 74 Pac. 810, antecedent conduct or improper relations of the parties towards each other is admissible "as tending to show the probability of the commission of the specific act charged and as corroborative of the testimony of the prosecuting witness." Also, see, *State v. Workman,*

66 Wash. 292, 119 Pac. 751; *State v. Hanson,* 133 Wash. 527, 234 Pac. 28.

Frequently, the authorities in discussing the admissibility of such testimony limit it to acts "not too remote in time or otherwise." 16 C. J. 608, § 1194, and cases cited. The term seems incapable of exact application and while, in a way, time is included within it, yet remoteness does not necessarily result from mere lapse of time. The surroundings and particular circumstances of the parties must be taken into consideration in the determination of such question. In *United States v. Griego,* 11 N. M. 392, 72 Pac. 20, cases are cited from other states holding that prior acts, though barred by the statute of limitations, are admissible, and that the nearness of time is a circumstance affecting the effect of the evidence and not its relevancy. In the case of *People v. Marino,* 33 Cal. App. 448, 165 Pac. 564, it was held that the remoteness of prior acts may have lessened the weight of the evidence but did not destroy its relevancy. In *Sykes v. State,* 112 Tenn. 572, 82 S. W. 185, acts three years prior; *State v. Dukes,* 119 N. C. 782, 25 S. E. 786, acts two years prior; and *State v. Markins,* 95 Ind. 464, (quoted from in *State v. Wood,* 33 Wash. 290, 74 Pac. 380) acts that would be barred by the statute of limitations, were held to be admissible in evidence.

One of the most instructive discussions that we have been able to find upon this subject is the case of *State v. Kelly,* 77 Conn. 266, 58 Atl. 705. The discussion in that case is largely built upon the case of *Commonwealth v. Trefethen,* 157 Mass. 180, 31 N. E. 961, 24 L. R. A. 235. In the Connecticut case the court said:

" 'Remoteness,' as applied to evidence, is a term which has regard for other factors than mere lapse of time, even where it is a factor, as it often is not. The essence of remoteness is such a want of open and visible connection between the evidentiary and prin-

cipal facts that, all things considered, the former is not worthy or safe to be admitted in proof of the latter. 1 Best on Evidence, § 252. Where lapse of time is a circumstance entering into an inquiry as to the remoteness of relevant testimony, its significance may be more or less; depending not only upon the length of time, but also upon all the circumstances. Its importance with respect to some matters would naturally be greater than with respect to others. In some situations it might well become a practically controlling feature, so that it might well be said that the remoteness of the evidence in point of time ought to exclude it. Such, apparently, was the view of the Massachusetts court with respect to declarations of a suicidal purpose under ordinary circumstances. But comparatively few generalizations based upon lapse of time alone can be safely made. Generally speaking, the question of remoteness, as justifying the exclusion of evidence, must depend upon all the considerations, including time, the character of the evidence, and all the surrounding circumstances which, in the opinion of the court, ought to have a bearing upon its worthiness to be brought into the consideration and determination of the matter in contention. This right of discretionary control over the admission of testimony which necessarily rests with a presiding judge is one of frequent exercise. *Commonwealth v. Holmes,* 157 Mass. 233, 32 N. E. 6, 34 Am. St. Rep. 270; *Hall v. State,* 132 Ind. 317, 31 N. E. 536; *Thistlewaite v. Thistlewaite,* 132 Ind. 355, 31 N. E. 946.''

The same doctrine was approved and announced in the more recent case of *People v. Thompson,* 212 N. Y. 249, 106 N. E. 78.

The order granting a new trial is affirmed.

TOLMAN, FRENCH, ASKREN, and PARKER, JJ., concur.