[No. 34534. Department Two. December 26, 1958.]

THE STATE OF WASHINGTON, *Respondent*, v. RUSSELL EMERSON, *Appellant*.[1]

*McLean, Klingberg & Houston* and *Jerry A. Houston,* for appellant.

*George W. Sibbald,* for respondent.

FOSTER, J.—Appellant appeals his conviction of assault in the first degree.

The only issue is the misconduct of the prosecuting attorney in asking appellant, when testifying in his own defense:

"Weren't you put in jail in Minnesota in the summer of 1955 for beating your wife?"

Our cases, collected in the margin,[2] hold that such misconduct is reversible error.

---

[1] Reported in 333 P. (2d) 665.

[2] *State v. Goodwin,* 29 Wn. (2d) 276, 186 P. (2d) 935; *State v. Lindsey,* 27 Wn. (2d) 186, 177 P. (2d) 387; *Lundberg v. Baumgartner,* 5 Wn. (2d) 619, 106 P. (2d) 566; *State v. Morgan,* 146 Wash. 109, 261 Pac. 777; *State v. Strodemier,* 40 Wash. 608, 82 Pac. 915.

■ RCW 5.60.040[3] authorizes proof of prior convictions of crimes to affect the credibility of a witness. The reason why mere arrest in contradistinction to a conviction may not be shown is simply stated by Dean Wigmore as follows:

"In some Courts attention is given to distinguish a conviction of misconduct from a mere *accusation of misconduct.* Where this is done, it follows that a mere *arrest* or *indictment* will not be allowed to be inquired after; since the fact of arrest or indictment is quite consistent with innocence, and since the reception of such evidence is merely the reception of somebody's hearsay assertion as to the witness' guilt. To admit this would involve a violation both of the Hearsay rule and of the rule forbidding extrinsic testimony of misconduct." 3 Wigmore on Evidence (3d ed.) 545, § 980a.

■ In fact, the state confesses error and admits that the court should have sustained the objection, but argues that the error was waived by counsel for the accused on cross-examination in asking "Explain the situation." The episode, however, does not bear the construction placed upon it by respondent's counsel. The record is:

"Q. Weren't you put in jail in Minnesota in the summer of 1955 for beating your wife?

"MR. HOUSTON: If the court please, I object to that in the first place those charges were dismissed and he cannot impeach the witness on the basis of a prior crime; and in the second place, it is wholly outside the scope of the direct examination.

"THE COURT: It is proper examination.

"Q. Answer the question?

"MR. HOUSTON: Explain the situation."

Appellant's counsel made timely objection which the court overruled and directed the witness to answer. The statement "Explain the situation" was not cross-examina-

---

[3]"No person offered as a witness shall be excluded from giving evidence by reason of conviction of crime, but such conviction may be shown to affect his credibility: *Provided,* That any person who shall have been convicted of the crime of perjury shall not be a competent witness in any case, unless such conviction shall have been reversed, or unless he shall have received a pardon."

tion, but a mere admonition to comply with the court's ruling.

The judgment is reversed.

HILL, C. J., DONWORTH, WEAVER, and ROSELLINI, JJ., concur.