[No. 21639-0-III.   Division Three.   January 27, 2004.]

THE STATE OF WASHINGTON, *Respondent*, v. JOSEPH L. SHOUSE, *Appellant*.

Dennis W. Morgan, for appellant.

Gregory L. Zempel, Prosecuting Attorney, and Margaret A. P. Sowards, Deputy, for respondent.

SWEENEY, J. — Omitting an element of a crime from the jury instructions may be harmless error, provided the evidence establishing that element is uncontested. State v. Brown, 147 Wn.2d 330, 341, 58 P.3d 889 (2002). Here, the court failed to instruct the jury that knowledge is an element of the crime of felon in possession of a firearm. The error was not harmless because the evidence on that point was disputed. And we therefore reverse the conviction.

## FACTS

A state trooper stopped a car driven by Christopher Black for speeding. Melanie Roberts owned the car. She is the girl friend of Joseph L. Shouse. Mr. Shouse was sitting in back behind the driver. Jessie Humphrey was next to Mr. Shouse, on the passenger side.

The trooper approached the car from the passenger side and motioned to the driver to wind down the window. Mr. Black popped up the lock instead. And the trooper opened

the passenger side door. The front passenger seat was unoccupied and pushed back. Mr. Shouse is 6 foot 3 inches and looked uncomfortable crammed in the back seat.

The trooper saw a pistol in a holster on the floorboard in front of the passenger seat. Mr. Shouse could reach the gun from where he was sitting. The gun was loaded. The trooper picked up the gun and asked who owned it. Mr. Shouse responded that it belonged to his girl friend. The other two responded that they knew nothing about it.

Police searched the car and found loose marijuana and associated paraphernalia in the back passenger area. All three men had prior felony convictions. The trooper arrested Mr. Shouse as a felon in possession of a firearm. The State charged him with knowingly having a firearm in his possession or control.

His case was tried to a jury.

Mr. Black testified that Mr. Shouse held the same weapon earlier. He admitted that he had lied at the scene when he told police that he had never seen the gun before. Mr. Humphrey denied seeing Mr. Shouse with the gun at the house. The State impeached that testimony with a prior sworn statement that he did see Mr. Shouse with the gun at the house. Mr. Humphrey also admitted telling the police that Mr. Shouse had thrown the gun on the floor of the car before jumping into the back seat when they spotted the state trooper. Mr. Humphrey said he had lied in exchange for leniency on his own charges, but then retracted his statement when the deal was not honored to his satisfaction.

Trooper Bart Olson testified Ms. Roberts told him that she bought the gun the day before the arrest from "a guy named Phil." Report of Proceedings (RP) at 43. Ms. Roberts said she left it in the car. She did not show the gun to Mr. Shouse. Trooper Olson testified that when he talked to Ms. Roberts by cell phone from the scene, she denied knowledge of any gun, and specifically any knowledge of a gun in her car. And that prompted his arrest of Mr. Shouse for unlawful possession.

The court defined possession for the jury as having a firearm in one's custody and control, either actual or constructive. But the instruction did not include any knowledge element. The elements instruction told the jury it should convict if it found (1) that Mr. Shouse had previously been convicted of a serious offense, and (2) that he had a firearm in his possession and control on the day of the arrest. But the jury was not told it must find the possession was knowing. Mr. Shouse stipulated to the prior convictions. Knowing possession was then the only contested element of the crime.

Defense counsel argued to the jury that the State had not proved that Mr. Shouse knew the gun was in the car.

The jury returned a verdict of guilty.

## DISCUSSION

KNOWLEDGE ELEMENT

■ We review a challenge to the adequacy of jury instructions de novo. It is a question of law. *State v. Atkinson*, 113 Wn. App. 661, 667, 54 P.3d 702 (2002), *review denied*, 149 Wn.2d 1013 (2003).

■ Each element of a charged crime must be proved by competent evidence beyond a reasonable doubt. RCW 9A.04.100(1). And so an instruction that relieves the State of its burden to prove every element of the crime requires automatic reversal. *State v. Brown*, 147 Wn.2d 330, 339, 58 P.3d 889 (2002).

■ Knowledge is an essential element of first degree unlawful possession. *State v. Anderson*, 141 Wn.2d 357, 365-66, 5 P.3d 1247 (2000). The State then has the burden of proving knowing possession. And the elements instruction must then contain an instruction to that effect. *Id.* at 366. But here, neither the definition of possession, nor the crime charged, nor the elements instruction told the jury that the State had to show beyond a reasonable doubt that Mr. Shouse knew the gun was in his possession.

The elements instruction thus relieved the State of proving an essential element of this crime.

■ But even this constitutional shortcoming does not require reversal if it could not have affected the outcome. The failure to instruct the jury as to the State's burden of proving every element of the crime beyond a reasonable doubt is subject to harmless error analysis. *Neder v. United States*, 527 U.S. 1, 8, 119 S. Ct. 1827, 144 L. Ed. 2d 35 (1999). In *Brown*, our Supreme Court adopted the reasoning of *Neder*. *Brown*, 147 Wn.2d at 340. By that rationale, we will not reverse a jury verdict based on the failure to instruct on the elements if the missing element is supported by uncontroverted evidence. This means that we will affirm if, after thoroughly examining the record, we are convinced beyond a reasonable doubt that "the error complained of did not contribute to the verdict obtained." *Brown*, 147 Wn.2d at 344; *Neder*, 527 U.S. at 15. But the missing element must be supported by uncontroverted evidence. *Brown*, 147 Wn.2d at 341; *Neder*, 527 U.S. at 18.

And we are unable to express this required degree of certainty here for a number of reasons.

■ First, if several acts are alleged, any one of which could constitute the crime charged, the jury must be unanimous as to which act or incident constituted the crime. *State v. Noltie*, 116 Wn.2d 831, 842-43, 809 P.2d 190 (1991). Where the evidence tends to show multiple separate commissions of the crime, all of which are submitted to the jury as alternative bases for a single count, it is impossible to know that any particular instance "was proved to the satisfaction of all of the jurors beyond a reasonable doubt. The verdict could not be conclusive on this question." *State v. Workman*, 66 Wash. 292, 294-95, 119 P. 751 (1911). To assure a unanimous verdict, the State must make an election among the acts it relies on for a conviction. *State v. Petrich*, 101 Wn.2d 566, 570, 683 P.2d 173 (1984) (quoting *Workman*, 66 Wash. at 295).

We cannot determine whether this jury found that Mr. Shouse constructively possessed the gun in the car, actually

possessed it at the house, or both. It is possible that the jury was not unanimous as to either. The jury may have found actual possession because Mr. Shouse armed himself before leaving the house. Or it might have based its verdict on his constructive possession of the gun in the car.

Second, and even more importantly, the evidence of knowledge was disputed. Mr. Black testified that Mr. Shouse armed himself with the weapon at Ms. Roberts' house. Mr. Humphrey testified that he did not. Both controverted their own statements. And the jury was permitted to consider their prior convictions in weighing their credibility. Clerk's Papers at 32 (Instruction 11). The jury might well have simply ignored the conflicting evidence about what happened at the house and confined its deliberations to the incident in the car.

Ms. Roberts testified that she shoved the gun far forward on the passenger side floor so that it would be out of sight, and that she never told Mr. Shouse about the gun. And, again, all these witnesses had prior criminal convictions. Their credibility was therefore certainly at issue even in the absence of the conflicts.

Third and finally, closing arguments underscore the controversy over the knowledge element. The State argued, "[y]ou have the testimony of two state troopers whose credibility is not at issue." RP at 131. The troopers saw the gun within five or six feet of Mr. Shouse. "Well within his reach. Trooper [David] Anderson testified you couldn't miss it, plain view, saw it the minute he opened the door. You have Joe Shouse in constructive possession of that firearm. Period. Proven beyond a reasonable doubt on those facts alone." RP at 131. The State argued that the fact that Mr. Shouse recognized the gun and identified it as his girl friend's proves that he knew it was in the car at that moment.

Defense counsel argued that

[m]aybe the guys didn't know it was in there when they got in the car. Maybe they were nervous when the trooper stopped

them because they were smoking pot and there is [sic] drugs in the car. But it just may be that they didn't know the gun was in the car. It may be in some of the things that took place, maybe all of a sudden the seat got pushed back and there the gun was. But I ask you to consider the doubt that surrounds this case . . . .

RP at 130. But no one told the jury it could not base a guilty verdict on constructive possession unless it found beyond a reasonable doubt that Mr. Shouse knew the gun was in the car.

Ultimately, we cannot conclude on this record that the error was harmless, given the exacting standard—beyond a reasonable doubt. *Brown*, 147 Wn.2d at 344; *Neder*, 527 U.S. at 15.

ADDITIONAL GROUNDS FOR REVIEW

■ We do not reach Mr. Shouse's additional grounds questioning the credibility of the witnesses. Witness credibility is not at issue on appeal. *State v. Allen*, 116 Wn. App. 454, 466, 66 P.3d 653 (2003).

We reverse the conviction.

SCHULTHEIS and KURTZ, JJ., concur.