OPINION OF THE COURT
Leonard P. Rienzi, J.
Defendant stands indicted for one count of sexual abuse in *251 the first degree (Penal Law § 130.65), 44 counts of possessing a sexual performance by a child (Penal Law § 263.16) and eight counts of possessing rifles or shotguns without certificates of registration (Administrative Code of City of NY § 10-304 [a]).
In essence, he is charged with sexually abusing his five-year-old daughter and possessing both a quantity of child pornography and a cache of unregistered weapons.
As part of an omnibus motion, defendant moves to dismiss the indictment. He argues, inter alia, that (1) Penal Law § 263.16 is unconstitutional because it contains no scienter requirement as to the minority of the children appearing in the proscribed pornographic depictions; (2) the New York State Attorney-General is violating the Commerce Clause of the Federal Constitution by investigating those who disseminate child pornography via the Internet; and (3) the New York State Attorney-General lacks the statutory authority to supersede the Richmond County District Attorney for the purposes of this prosecution.
Defendant’s motion to dismiss is denied.[1] Defendant’s motion for release of the Grand Jury minutes is also denied.
The Penal Law provides, in relevant part, as follows: “A person is guilty of possessing a sexual performance by a child when, knowing the character and content thereof, he knowingly has in his possession or control any performance which includes sexual conduct by a child less than sixteen years of age.” (Penal Law § 263.16.)
This statute, which was enacted in 1996, is contained in article 263 of the Penal Law (sexual performance by a child). The definitions relevant to Penal Law § 263.16 have been in effect since 1977 when article 263 was enacted. “Sexual performance” is defined as “any performance or part thereof which includes sexual conduct by a child less than sixteen years of age”. (Penal Law § 263.00 [1].) “Sexual conduct” is stated to mean “actual or simulated sexual intercourse, deviate sexual intercourse, sexual beastiality, masturbation, sado-masochistic abuse, or lewd exhibition of the genitals”. (Penal Law § 263.00 [3].) The statutory definition of “performance” includes a “photograph”. (Penal Law § 263.00 [4].) The required element *252 of scienter (“knowing the character and content thereof’) has been incorporated in the child pornography statutes of New York State since 1977. (See, Penal Law § 263.15.)
“The burden of showing the unconstitutionality of a statute is on the party asserting it who must demonstrate such fact beyond a reasonable doubt.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 150 [b]; People v Davis, 43 NY2d 17, cert denied sub nom. New York v James, 438 US 914 [1978]; Fenster v Leary, 20 NY2d 309, 314 [1967].) There is a presumption of constitutionality for every duly enacted statute, and that presumption is strengthened when the constitutionality of the statute has been “long acquiesced in and the statute treated as valid”. (McKinney’s Cons Laws of NY, Book 1, Statutes § 150 [b].) “[I]f there is a reasonable doubt as to its validity an act must be upheld, and it will be stricken down only when unconstitutionality is shown beyond a reasonable doubt”. (McKinney’s Cons Laws of NY, Book 1, Statutes § 150 [a].) Thus, the conclusion that a statute is unconstitutional must be “inescapable” before a court of original jurisdiction strikes down a solemn legislative enactment. (McKinneys Cons Laws of NY, Book 1, Statutes § 150 [a].) Statutes will be stricken as unconstitutional “with great reluctance and [only] as a [matter of] last resort”. (McKinney’s Cons Laws of NY, Book 1, Statutes § 150 [a].) “[C]ourts may not substitute their judgment for that of the Legislature as to the wisdom and expediency of the legislation”. (People v Davis, supra, at 30.) Moreover, courts of original jurisdiction must be particularly vigilant to adhere to these principles when the Court of Appeals (or, by extension, the United States Supreme Court) has “implicitly, if not explicitly, upheld the validity of a statute” against constitutional challenge. (McKinney’s Cons Laws of NY, Book 1, Statutes § 150 [a].)
In New York v Ferber (458 US 747 [1982]), the United States Supreme Court held, apparently for the first time, that the First Amendment of the Federal Constitution did not preclude a State from enacting laws which prohibit the visual reproduction of nonobscene sexual depictions of children. The statute which was sustained in Ferber was Penal Law § 263.15, a statute whose scienter element is mirrored in Penal Law § 263.16.
The defendant in Ferber (supra) was a bookstore proprietor who sold two films depicting young boys in the act of masturbating. The Supreme Court reviewed in minute detail the personal devastation to children who are used in child pornography, and found that the State has a “compelling” inter *253 est in “ ‘safeguarding the physical and psychological well-being’ ” of minors who appear in these performances. (New York v Ferber, supra, at 756-757.) “The prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance”. (New York v Ferber, supra, at 757.) The Supreme Court noted that the sexually exploited children who appear in these performances are often unable to develop healthy affectionate relationships in later life; develop sexual dysfunctions; and have a disproportionate tendency to become sexual abusers themselves in later years. (New York v Ferber, supra, at 758, n 9.) The Supreme Court further noted that the children who are sexually exploited in these performances are often disposed in later life to self-destructive behavior such as prostitution, drug abuse and alcohol abuse. (New York v Ferber, supra, at 758, n 9.) In addition, these children are often molested by adults during the production of these performances. (New York v Ferber, supra, at 758, n 9.) The Court also found that the materials generated form a permanent record of the child’s participation, and that harm to the child is exacerbated by their circulation. (New York v Ferber, supra, at 759, n 10.) Finally, the Court concluded that the imposition of severe penalties was necessary to dry up the market for this material. (New York v Ferber, supra, at 760.)
In considering the grave nature of the problem and the necessity of State intervention, the Supreme Court found that “States are entitled to greater leeway in the regulation of pornographic depictions of children”. (New York v Ferber, supra, at 756.) Accordingly, the Court determined that child pornography is “a category of material outside the protection of the First Amendment”. (New York v Ferber, supra, at 763.) The statute addressed in Ferber was Penal Law § 263.15, which states: “A person is guilty of promoting a sexual performance by a child when, knowing the character and content thereof, he produces, directs or promotes any performance which includes sexual conduct by a child less than sixteen years of age.” (Emphasis supplied.)
Critically for present purposes, the Supreme Court stated in Ferber that “As with obscenity laws, criminal responsibility may not be imposed without some element of scienter on the part of the defendant” “Section 263.15 expressly includes a sci-enter requirement”. (New York v Ferber, supra, at 765 [emphasis supplied].) The scienter element in the instant case, “knowing the character and content thereof, he knowingly” (Penal Law § 263.16), is the same degree of scienter which the Supreme *254 Court found acceptable in Ferber[2] Moreover, since the Ferber statute (Penal Law § 263.15) was enacted in 1977, and since the Supreme Court decided Ferber in 1982, the State of New York was clearly entitled to rely upon the Supreme Court’s observations regarding scienter as expressed in the Ferber decision when incorporating essentially the same language into the present statute (Penal Law § 263.16) in 1996.
In arguing to the contrary, defendant relies principally on United States v X-Citement Video (513 US 64 [1994]) to cast doubt upon the constitutionality of Penal Law § 263.16. X-Citement Video involved a constitutional challenge to a Federal child pornography statute (18 USC § 2252) which, unlike the New York statute, was bereft of any scienter requirement relating to the contents of the proscribed material. In fact, the only element of scienter required thereby was “knowingly” shipping, transporting, receiving or distributing (visual depictions of sexually explicit conduct involving minors). In construing the statute to preserve its constitutionality, the Supreme Court determined, inter alia, that it was the intention of Congress to apply the scienter requirement (“knowingly”) to the sexually explicit nature of the material itself, and since neither the language nor grammatical construction of the statute would support a distinction, construed the scienter requirement as applying to the age of the performers as well. (United States v X-Citement Video, supra.) In this context, the Court’s further observation that “a statute completely bereft of a scienter requirement as to the age of the performers would raise serious constitutional doubts” appears less than compelling, particularly where, as here, it is directly preceded by a favorable reference to the Ferber decision (supra). (United States v X-Citement Video, supra, at 78.) Accordingly, this court is not disposed to view the failure of the New York statute to require knowledge of the performer’s age as a constitutional defect. (See, Penal Law § 15.20 [3]; cf., Penal Law § 263.20 [1].)
Unlike the statute in X-Citement (supra), which did not explicitly provide for an element of scienter relating to the contents of the material shipped, transported, received or distributed, Penal Law § 263.16 specifically requires that a defendant have “know [ledge of] the character and content” of the material possessed, in addition to requiring proof that the child *255 appearing in the performance is less than 16 years of age. In order to obtain a conviction under the challenged statute, a prosecutor is therefore required to prove beyond a reasonable doubt that a defendant knows both the character and content of the material possessed. That knowledge constitutes scienter. If there is no such proof of knowledge, there is no criminal liability. However, once knowledge is proven, a strict liability standard is imposed, provided that the prosecutor can also prove beyond a reasonable doubt that the child performer is less than 16 years of age. Thus, Penal Law § 263.16 is a hybrid statute.
In construing the statute in X-Citement, the Supreme Court found that it was not inconsistent with the intent of Congress to extend the element of scienter to the age of the performers. (United States v X-Citement Video, supra.) However, a parallel analysis of Penal Law § 263.16 demonstrates that it was the intention of the New York State Legislature to impose strict liability on those persons who are proven to know both the character and content of sexual performances in their possession which utilize children under the age of 16. (See also, Penal Law § 15.20 [3].) Accordingly, the “presumption [cited in X-Citement] in favor of [applying] a scienter requirement * * * to each of the statutory elements that criminalize otherwise innocent conduct” (United States v X-Citement Video, supra, at 72) is inapplicable to this case.
The statutory inclusion of an affirmative defense to Penal Law § 263.16 further supports its construction as a strict liability statute (regarding to the age of the performer), as well as providing a measure of protection against unjust convictions. The statute in X-Citement (supra), 18 USC § 2252, contains no parallel provision. Moreover, contrary to defendant’s contention, the affirmative defense to Penal Law § 263.16 does not shift the burden of proof on any element of the crime to the defendant. The affirmative defense relevant to this prosecution is set forth in Penal Law § 263.20 (1): “Under this article, it shall be an affirmative defense that the defendant in good faith reasonably believed the person appearing in the performance was sixteen years of age or over.”
In the opinion of this court, the foregoing statute entails no shifting of the burden of proof on any element of the crime to the defendant, for in order to obtain a conviction under Penal Law § 263.16, the People are required to prove each of the following elements beyond a reasonable doubt: (1) that the defendant had a “performance” in his possession or control; (2) that *256 the performance included “sexual conduct”; (3) that the defendant “kn[ew]” the “character and content” of the performance; and (4) the child engaging in the sexual conduct was “less than sixteen years of age”. The “age” element as thus expressed imposes a significant burden upon the People, as the children who appear in these performances are likely to be anonymous and incapable of identification. This is in direct contrast to, e.g., a case of statutory rape, where the People have a live witness with a verifiable date of birth. Moreover, once the People have met this significant burden of proving that the unknown child performer was less than 16 years of age, the defendant is given an opportunity to escape liability by showing his good-faith reasonable belief that the child depicted was 16 years of age or older. (Penal Law § 263.20 [1].) As with all affirmative defenses in New York, defendant’s burden of proof in this area of the operation of his mind is by a preponderance of the evidence. (Penal Law § 25.00 [2].) The affirmative defense does not, therefore, dilute or water down or shift the People’s burden of proving each and every element of the crime charged (including the age of the child) beyond a reasonable doubt, for if there is a reasonable doubt as to the age of the child, the defendant is not criminally liable.
In sum, the United States Supreme Court has visited the area of scienter in New York State obscenity laws on numerous occasions. In Mishkin v New York (383 US 502, 510-511 [1966]), and Ginsberg v New York (390 US 629, 644-645 [1968]), the Supreme Court upheld the constitutionality of New York statutes requiring proof of a defendant’s knowledge of the content and character of the proscribed material. Similarly, in Hamling v United States (418 US 87, 123 [1974]), after reviewing its analysis of the element of scienter in Mishkin and Ginsberg, the Supreme Court stated: “It is constitutionally sufficient that the prosecution show that a defendant had knowledge of the contents of the materials he distributed, and that he knew the character and nature of the materials.”
The statute upheld in New York v Ferber (458 US 747, supra) also had as its scienter element “knowing the character and content thereof’. (Penal Law § 263.15.) It is worthy of note that, in sustaining this statute, the Supreme Court explicitly stated that “criminal responsibility may not be imposed without some element of scienter on the part of the defendant” and that “Section 263.15 [of the Penal Law] expressly includes a scienter requirement”. (New York v Ferber, supra, at 765 [emphasis supplied].) The statute in the instant case (Penal Law § 263.16) *257 contains the same degree of scienter that was approved by the Supreme Court in Mishkin (supra), Ginsberg (supra), Hamling (supra) and Ferber. In the opinion of this court, its requirement of a defendant’s knowledge of the nature and content of the proscribed material, coupled with the ready availability of an affirmative defense, describes a constitutionally permissible degree of scienter for a State statute in this area, where “States are entitled to greater leeway in the regulation of pornographic depictions of children”. (New York v Ferber, supra, at 756.) Accordingly, the statute passes constitutional muster.
Turning briefly to the defendant’s alternate contentions, he has failed to establish to the satisfaction of this court (1) that New York’s attempt to proscribe the possession of child pornography in Penal Law § 263.16 has been preempted by Federal legislation such as the Protection of Children Against Sexual Exploitation Act of 1977 (18 USC § 2251 et seq.), designed to ban the interstate transportation of child pornography, or (2) that the use of the Internet as an investigative tool violates the dormant Commerce Clause of the United States Constitution. American Libs. Assn. v Pataki (969 F Supp 160 [SD NY 1997]) is distinguishable on its facts and does not compel a contrary result. Moreover, defendant has failed to establish that section 700 of the County Law vests New York State District Attorneys with the exclusive jurisdiction to prosecute crimes within the county of their election, or that the jurisdiction of the Attorney-General in this case was improperly invoked pursuant to section 63 (3) of the Executive Law. (Matter of Emmi v Burke, 236 AD2d 854; see, Matter of Mann Judd Landau v Hynes, 49 NY2d 128, 135-138; see also, Matter of Dondi v Jones, 40 NY2d 8, 19.) Defendant’s remaining contentions have been considered and found to be without merit.
Defendant’s motion for discovery and a bill of particulars is granted to the extent that the information sought is provided in the voluntary disclosure form, People’s answer and other papers and documents already served. In addition, defendant is to be provided with liberal access to the alleged physical evidence for the purposes of inspection, examination and analysis by such scientific, medical and other experts as he may deem advisable, under such circumstances regarding the preservation of that evidence as the People may require.
Defendant’s motion for a Huntley /Dunaway hearing is granted.
Defendant’s further motion for a Massiah hearing (Massiah v United States, 377 US 201) is denied, without prejudice to re *258 newal in the event that facts are adduced to draw into question the People’s representation that “no law enforcement personnel were involved in any statement made to a ‘non-law enforcement person’ ” in this case.
A Sandoval/Ventimiglia hearing (People v Ventimiglia, 52 NY2d 350) is granted and reserved for trial.
The People are directed to provide the defendant with any exculpatory material that should come into their possession pursuant to Brady v Maryland (373 US 83).
The court reserves decision on defendant’s motion to suppress physical evidence.

. In addition to these issues, the court has inspected the Grand Jury minutes for, e.g., legal insufficiency. The competent legal evidence adduced before the Grand Jury was legally sufficient to sustain the indictment. Moreover, the charge to the Grand Jury was not defective within the meaning of CPL 210.35.

. In fact, an argument can be made that the addition of the word “knowingly” in Penal Law § 263.16, a word which does not appear in Penal Law § 263.15, provides a higher degree of scienter than appears in Penal Law § 263.15.