[No. 41124-1-I. Division One. April 19, 1999.]

THE STATE OF WASHINGTON, *Respondent,* v. RONALD C. ROSUL, *Appellant.*

*Neil M. Fox*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Ann M. Foerschler, Deputy*, for respondent.

GROSSE, J. — Washington's statutory scheme prohibiting possession of child pornography does not require as an element of the crime that a defendant know the age of the persons depicted in the material he is charged with possessing. The statute requires only that the defendant know the general nature of the material. So construed, the statute survives constitutional challenges for overbreadth and vagueness. Here, the defendant clearly knew that the digital images he had downloaded to his computer generally purported to depict, among other things, young people

engaged in sexually explicit behavior. Therefore, his challenges to his conviction fail on appeal.

## FACTS

On October 11, 1995, Matthew Loschen, a manager at Microsoft, observed Rosul, a technical support engineer, creating a CD-ROM "burner" in a Microsoft laboratory.[1] When Rosul left the laboratory during the process, Loschen looked at the video monitor and saw that the files being copied had pornographic titles. Loschen locked the laboratory, allowed the mastering machine to finish creating the CD-ROM, and then viewed its contents. The CD-ROM contained thousands of pornographic files, one of which was entitled "GIFS/YOUNG."[2] This file had several subdirectories, including "GIFS/YOUNG/GIRL/SEX," which contained 60 images of young girls engaged in sexual acts. The parties stipulated to the testimony of Dr. James Farrow,[3] who concluded upon reviewing the file that the children depicted were under 12 years of age. An examination of Rosul's computers at his work station revealed pornographic files similar to the ones on the CD-ROM. Microsoft fired Rosul two days after this discovery, and Rosul was subsequently convicted in a jury trial for violation of RCW 9.68A.070, possession of depictions of a minor engaged in sexually explicit conduct.

Rosul appeals his conviction for one count of possession of a depiction of a minor engaged in sexually explicit conduct, arguing that the trial court erred in (1) failing to instruct the jury that knowledge of the minor status of the individual depicted is an essential element of the offense; (2) basing his conviction on a statute which does not

---

[1] This process transfers files from a computer to a mastering machine, where digital files are "burned" onto a CD-ROM.

[2] "GIF" stands for "Graphical Interface Format."

[3] Dr. Farrow is an associate professor of medicine in pediatrics at the University of Washington Medical School and the Director of the Division of Adolescent Medicine with the University of Washington.

proscribe possession of digitized images of child pornography; and (3) instructing the jury that "visual or printed matter" includes material which can be viewed either with the human eye or "with the aid of device(s) which transform it so that it can be viewed." Rosul contends that the trial court's erroneous jury instructions render RCW 9.68A.070 unconstitutionally vague and violative of due process.

## DISCUSSION

■ Rosul first contends that his conviction should be reversed because the trial court failed to instruct the jury that knowledge of the age of the persons depicted in sexually explicit material is an essential element of the crime of possession of child pornography. Rosul claims that because he possessed "thousands and thousands of files of lawful images"[4] of adult pornography along with the child pornography, a properly instructed jury may have found that he was unaware that some of the pornography he knowingly possessed depicted children engaged in sexually explicit activity.

■■ At trial, Rosul proposed a "to convict" instruction which would have required not only that he knowingly possessed visual or printed matter which depicted a minor engaged in sexually explicit conduct, but also that he "had knowledge that the individuals depicted were minors." The court declined to give this instruction, choosing instead an instruction which mirrored the statutory language.[5] Rosul did not object to the trial court's instruction nor except to the court's refusal to give his proposed instruction. Although failure to object to jury instructions at trial generally precludes appellate review,[6] Rosul's claim of instruc-

---

[4]Opening Br. of Appellant, at 13.

[5]The court's instruction provided that Rosul must have "knowingly possessed visual or printed matter depicting a minor engaged in sexually explicit conduct . . . ." Instruction 14.

[6]*State v. Smith*, 56 Wn. App. 909, 913, 786 P.2d 320 (1990).

tional error is reviewable by this court because the alleged error implicates his constitutional rights.[7]

■ Criminal defendants have a due process right to have all essential elements of the charged crime included in the jury instructions.[8] It follows that if knowledge of the age of the minor depicted is an essential element of the crime of possession of child pornography under RCW 9.68A.070, Rosul's constitutional rights were violated by the trial court's refusal to so instruct the jury.

The pertinent provisions of the statute provide:

**Possession of depictions of minor engaged in sexually explicit conduct.** A person who knowingly possesses visual or printed matter depicting a minor engaged in sexually explicit conduct is guilty of a class C felony.

RCW 9.68A.070.

**Certain defenses barred, permitted.**

. . . .

(2) In a prosecution under RCW 9.68A.050, 9.68A.060, 9.68A.070, or 9.68A.080, it is not a defense that the defendant did not know the age of the child depicted in the visual or printed matter: PROVIDED, That it is a defense, which the defendant must prove by a preponderance of the evidence, that at the time of the offense the defendant was not in possession of any facts on the basis of which he or she should reasonably have known that the person depicted was a minor.

RCW 9.68A.110.

■ Legislative intent governs the interpretation of statutes,[9] and intent is primarily discerned from the language of the statute itself.[10] This statute specifies that

---

[7]RAP 2.5(a)(3); *State v. Vanoli*, 86 Wn. App. 643, 646-47, 937 P.2d 1166, *review denied*, 133 Wn.2d 1022 (1997).

[8]*State v. Smith*, 131 Wn.2d 258, 263, 930 P.2d 917 (1997).

[9]*State v. Johnson*, 119 Wn.2d 167, 172, 829 P.2d 1082 (1992).

[10]*State v. Wilbur*, 110 Wn.2d 16, 18, 749 P.2d 1295 (1988).

knowledge of the minor's age is relevant only if the defendant attempts to affirmatively prove that he had no reason to believe that children were depicted. And by specifically providing that knowledge of the age of the child depicted is not a defense to the crime, the Legislature has made clear its intent that knowledge of the child's age is not intended to serve as an element of the crime. We reject Rosul's illogical suggestion that by stating that lack of knowledge is not a "defense" the Legislature meant that knowledge is an element of the offense. As the State points out, the Legislature used similar language in the drug crime enhancement statute. Because RCW 69.50.435 states that it is "not a defense" that a defendant was not aware he was in a protected zone, the Washington Supreme Court held that the defendant's knowledge of this fact was not an element of the crime.[11] The trial court did not err in refusing to give a jury instruction which misstates the law.[12]

■■ Rosul next argues that if conviction under RCW 9.68A.070 does not require actual knowledge of the performers' ages, the statute is unconstitutional as overly broad.[13] A litigant charging substantial overbreadth must "demonstrate from the text of [the challenged law] and from actual fact that a substantial number of instances ex-

---

[11]See *State v. Coria*, 120 Wn.2d 156, 166, 839 P.2d 980 (1992).

[12]See *Crossen v. Skagit County*, 100 Wn.2d 355, 360-61, 669 P.2d 1244 (1983); *Tiderman v. Fleetwood Homes*, 102 Wn.2d 334, 337-38, 684 P.2d 1302, 45 A.L.R.4TH 743 (1984).

[13]The First Amendment overbreadth doctrine is an exception to the general rule that a person to whom a statute may be constitutionally applied cannot challenge the statute on the ground that it may be unconstitutionally applied to others. *Massachusetts v. Oakes*, 491 U.S. 576, 581, 109 S. Ct. 2633, 105 L. Ed. 2d 493 (1989). So even if Rosul was aware he possessed child pornography, he is nevertheless free to allege that the statute is overbroad.

Rosul does not specifically allege that he was unaware that his confiscated CD-ROM contained images of children engaged in sexual acts. Michael Apgar, a defense expert on the Internet, testified that an individual could transfer files from the Usenet server in batches without ever actually viewing the images. But Rosul made a conscious decision to copy files with names such as "GIFS/YOUNG/BOY," "GIFS/YOUNG/GIRL," "GIFS/YOUNG/CLEAN," and "GIFS/YOUNG/YOUNG." In addition, Rosul had programmed his computer to automatically access "ALT.PEDOPHILIA" and "ALT.SEXINCEST," newsgroups containing discussions texts on these topics.

ist in which the [l]aw cannot be applied constitutionally."[14] In the First Amendment context, this requires a showing of a realistic danger that the statute will significantly compromise recognized First Amendment protections of persons not before the court.[15]

A natural grammatical reading of RCW 9.68A.070 would apply the scienter requirement to possession, but not to the age of the children depicted. The question, therefore, is whether knowledge of the act of possession is itself sufficient to convict a defendant under the statute.

In *New York v. Ferber*,[16] the United States Supreme Court cautioned that criminal liability may not be imposed for possession of child pornography without "some element of scienter on the part of the defendant,"[17] but the Court did not specify the dimensions of this requisite scienter. Subsequently, in *United States v. X-Citement Video*,[18] the Court elected to impose a scienter requirement on every element of a federal statute which prohibits the shipping and transporting of child pornography—including the child's age.[19] The Court justified its decision with the following observations: shipping and transporting of magazines and film are not activities generally subject to regulation, so people engaged in these activities would not likely know their conduct might be proscribed; the statute's harsh penalties indicate that Congress intended defendants to

---

[14]*New York State Club Ass'n v. City of N.Y.*, 487 U.S. 1, 14, 108 S. Ct. 2225, 101 L. Ed. 2d 1 (1988).

[15]*Members of City Council of L.A. v. Taxpayers for Vincent*, 466 U.S. 789, 801, 104 S. Ct. 2118, 2126, 80 L. Ed. 2d 772 (1984).

[16]*New York v. Ferber*, 458 U.S. 747, 102 S. Ct. 3348, 73 L. Ed. 2d 1113 (1982).

[17]*Ferber*, 458 U.S. at 765 (citing *Smith v. California*, 361 U.S. 147, 80 S. Ct. 215, 4 L. Ed. 2d 205 (1959)).

[18]*United States v. X-Citement Video, Inc.*, 513 U.S. 64, 115 S. Ct. 464, 130 L. Ed. 2d 372 (1994).

[19]The statute in *X-Citement Video* required that the defendant "knowingly" ship, transport, receive, or distribute child pornography. As the court in *Gilmour* described it, the statute in *X-Citement Video* was "bereft of any scienter requirement relating to the contents of the proscribed material." *People v. Gilmour*, 177 Misc. 2d 250, 678 N.Y.S.2d 436, 439 (1998).

have some sort of evil intent in shipping the materials; clearly innocent conduct would violate the statute's plain language if a knowledge requirement concerning the minor's age did not exist; and finally, in view of the unclear legislative history of the statute, a construction of the statute that was completely bereft of some element of scienter would raise serious constitutional doubts.[20] Justice Scalia dissented, arguing that he could more easily accept a disposition which would apply the scienter requirement to "the pornographic nature of the materials, but not to the age of the performers."[21] It is likely, however, that due to the statute's wording, the Court believed it could not defensively apply the scienter requirement to the sexually explicit character of the materials without applying it to the children's ages as well.

In *People v. Gilmour,* decided after *United States v. X-Citement Video, Inc.,* the New York Supreme Court adopted Justice Scalia's suggestion and declared New York's child pornography statute constitutional even though it requires only that the defendant was generally aware of the nature and character of the pornography he possessed.[22] The *Gilmour* court distinguished the New York statute from the one construed in *X-Citement Video*[23] and concluded that the statute requires a sufficient level of scienter:

> In order to obtain a conviction under the challenged statute, a

---

[20]*X-Citement Video,* 513 U.S. at 78.

[21]*X-Citement Video,* 513 U.S. at 86. Justice Scalia believed this decision would "leave the world's children inadequately protected against the depredations of the pornography trade." *X-Citement Video,* 513 U.S. at 85.

[22]Penal Law 263.16 provides:

A person is guilty of possessing a sexual performance by a child when, knowing the character and content thereof, he knowingly has in his possession or control any performance which includes sexual conduct by a child less than sixteen years of age.

*People v. Gilmour,* 177 Misc. 2d 250, 678 N.Y.S.2d 436, 437 (1998).

[23]The *Gilmour* court pointed out that the statute considered by the *X-Citement Video* Court was "bereft of any scienter requirement relating to the contents of the proscribed material." 678 N.Y.S.2d at 439.

prosecutor is therefore required to prove beyond a reasonable doubt that a defendant knows both the character *and* content of the material possessed. That knowledge constitutes scienter. If there is no such proof of knowledge, there is no criminal liability. However, once knowledge is proven, a strict liability standard is imposed, provided that the prosecutor can also prove beyond a reasonable doubt that the child performer is less than sixteen years of age. Thus, Penal Law 263.16 is a hybrid statute.[24]

In addition, the New York statute, like Washington's RCW 9.68A.070, includes an affirmative defense that the defendant "in good faith reasonably believed the person appearing in the performance was sixteen years of age or over." The court concluded that this affirmative defense did not impermissibly shift the burden of proof to the defendant:

> In the opinion of this court, its requirement of a defendant's knowledge of the nature and content of the proscribed material, coupled with the ready availability of an affirmative defense, describes a constitutionally permissible degree of scienter for a state statute in this area, where "states are entitled to greater leeway in the regulation of pornographic depictions of children."[25]

We agree with this reasoning. Conviction for possession of child pornography requires a minimum showing that the defendant was aware of the nature and content of the material he or she possessed.[26] Such a showing defeats overbreadth challenges by ensuring that innocent possessors of child pornography do not face prosecution. It follows that if a child pornography statute was construed in a way that would not require prosecutors to prove that a de-

---

[24]*Gilmour*, 678 N.Y.S.2d at 439.

[25]*Gilmour*, 678 N.Y.S.2d at 440-41 (quoting *Ferber*, 458 U.S. at 763).

[26]*See Hamling v. United States*, 418 U.S. 87, 123, 94 S. Ct. 2887, 41 L. Ed. 2d 590 (1974) ("It is constitutionally sufficient that the prosecution show that a defendant had knowledge of the contents of the materials he distributed, and that he knew the character and nature of the materials."); *see also Davis v. State*, 916 P.2d 251 (Okla. Cr. App. 1996) (in a conviction for, among other things, possession of obscene graphics on a CD-ROM, the State need only prove defendant is aware of character and nature of material).

fendant had this general knowledge, the statute would be impermissibly overbroad.

 But unlike New York's Penal Law 263.16, RCW 9.68A.070 does not explicitly require a showing that the defendant knew the nature and character of the material he possessed. However, when dealing with an allegedly overbroad statute, courts have a duty to construe the statute to avoid constitutional problems if the statute is subject to a limiting instruction.[27] Even the *X-Citement Video* Court noted that it is sometimes necessary to "include broadly applicable scienter requirements . . . where the statute by its terms does not contain them."[28] Following this reasoning, we construe RCW 9.68A.070 as requiring a showing that the defendant was aware not only of possession, but also of the general nature of the material he or she possessed. It is not constitutionally necessary that the State prove a defendant's specific knowledge of the child's age.

 Rosul next contends that there was insufficient evidence to support his conviction because the Legislature has not prohibited possession of digitized information stored on a CR-ROM or computer hard drive. He argues that the material he possessed was not "tangible" as required by the statute, and that by "merely looking at the computer disk, one could not see in any fashion a depiction of a minor involved in sexually explicit conduct." Rosul further claims that construing RCW 9.68A.070 to include digitized information renders the statute unconstitutionally vague.

RCW 9.68A.070 prohibits possession of "visual or printed matter" depicting a minor engaging in sexually explicit conduct. "Visual or printed matter" is defined as "any photograph or other material that contains a reproduction of a photograph."[29] RCW 9.68A.011(1) defines "photograph" as "any tangible item produced by photographing."

---

[27]*Ferber,* 458 U.S. at 769.

[28]*X-Citement Video,* 513 U.S. at 70.

[29]RCW 9.68A.011(2).

Rosul interprets this language to mean that the statute as a whole applies only to "tangible" items that are produced by photography. This argument dismisses the clear language of RCW 9.68A.011(2), which states that the statute applies to "any photograph" or *"other material that contains a reproduction of a photograph."* (Emphasis added.) The State stressed at trial that the computerized pornographic images Rosul possessed originated as photographs. As such, they clearly fall within the proscriptions of RCW 9.68A.070. We agree with the State that the Legislature intended to draft the statute as broadly as possible to encompass any technology by which photographs containing child pornography could be reproduced and distributed.[30]

Finally, Rosul contends that the trial court's instruction on the definition of "visual or printed matter" removed an element of the crime from the jury's consideration and constituted an impermissible comment on the evidence. Instruction 10 provided:

> "Visual or printed matter" means any photograph or other material that contains a reproduction of a photograph. It is material that can be viewed with the human eye, either directly or with the aid of device(s) which transform it so that it can be viewed.

The issue is whether the trial court erred in including the second sentence of this instruction. Rosul argues that the sentence effectively told the jury that "visual or printed matter" includes computer files, thus relieving the State of its burden of proving this element of the crime.

▮▮▮▮▮ While comments on the evidence by judges are prohibited under article IV, section 16 of the Washington

---

[30]Because RCW 9.68A.070 clearly proscribes possession of digitized materials which contain reproductions of child pornography, we conclude that a reasonable person would be aware of this prohibition. Accordingly, we reject Rosul's vagueness challenge. *See State v. Halstien*, 122 Wn.2d 109, 116-17, 857 P.2d 270 (1993) (the due process clause of the Fourteenth Amendment requires that citizens be afforded fair notice of proscribed conduct and be protected from arbitrary enforcement).

Constitution,[31] an instruction that supplements or clarifies statutory language is not improper so long as it is an accurate statement of the law.[32] Rosul is correct that instructions may not resolve disputed issues of fact that should have been left to the jury.[33] But, as long as jury instructions correctly state the law and allow each party to argue its case, a trial court is afforded considerable discretion in selecting its wording.[34] Consistent with our above analysis, this instruction correctly stated the law. It is appropriate for a trial judge to use discretion in clarifying the legal effect of statutory language such as "other material that contains a reproduction of a photograph." Although this instruction may have made Rosul's argument more difficult, this difficulty stemmed from his choice of defense strategy and the language of RCW 9.68A.011(2), not an inaccurate instruction.

Affirmed.

KENNEDY, C.J., and APPELWICK, J., concur.

Reconsideration denied June 4, 1999.

Review denied at 139 Wn.2d 1006 (1999).

---

[31]*State v. Becker,* 132 Wn.2d 54, 64, 935 P.2d 1321 (1997).

[32]*State v. Kepiro,* 61 Wn. App. 116, 124, 810 P.2d 19 (1991).

[33]*Becker,* 132 Wn.2d at 65.

[34]*State v. Brown,* 132 Wn.2d 529, 618, 940 P.2d 546 (1997), *cert. denied,* 523 U.S. 1007, 118 S. Ct. 1192, 140 L. Ed. 2d 322 (1998).