[No. 29302-1-II. Division Two. February 10, 2004.]

THE STATE OF WASHINGTON, *Respondent*, v. CHRISTIAN MICHAEL CANNON, *Appellant*.

*W. David Rovang* and *Eric M. Fong* (of *Rovang Fong & Associates*), for appellant.

*Russell D. Hauge, Prosecuting Attorney*, and *Jennifer A. Irvine Forbes, Deputy*, for respondent.

HOUGHTON, J. — Christian Michael Cannon appeals his conviction of seven counts of possession of depictions of a minor engaged in sexually explicit conduct. He argues that the legislature amended the law to prohibit his conduct after the State charged him with his crimes and that the law cannot be retroactively applied to him. We affirm.

## FACTS

On April 20, 2001, law enforcement officers of the Naval Investigative Service responded to a telephone call reporting domestic violence at Christian and Gloria Cannon's home in Navy Submarine Base Bangor housing.

Gloria Cannon told the officers that she had found some pictures of children engaged in sexual conduct that Cannon had downloaded onto their computer. She said that she saved the pictures onto floppy disks. She voluntarily gave the disks to the officers, along with her written statement, and granted them permission to remove the computer from her home.

The officers obtained a search warrant to examine the computer. Based on the images found on the floppy disks

and in the computer, the State charged Cannon with 18 counts[1] of possession of visual or printed material depicting a minor engaged in sexually explicit conduct, each with special allegation that Cannon committed the crime with sexual motivation;[2] one count of fourth degree assault with a special allegation of domestic violence;[3] and one count of harassment with a special allegation of domestic violence.[4]

On June 10, 2002, the trial court denied Cannon's motion to suppress evidence found in the computer. He then moved to dismiss the charges based on *State v. Knapstad*, 107 Wn.2d 346, 729 P.2d 48 (1986). He argued that "visual or printed matter" as defined in the statute did not include digital images. The trial court denied the motion.[5]

A jury convicted Cannon of seven counts of possession of depictions of a minor engaged in sexually explicit conduct.[6] He appeals.

## ANALYSIS

Cannon contends that he did not violate RCW 9.68A.070, as defined in RCW 9.68A.011(1) in effect at the time he committed his crimes. He argues that the legislature amended RCW 9.68A.011 in 2002 to include digital images, indicating that the statute did not specify digital images as "visual or printed matter" when the State charged him in 2001. Appellant's Br. at 5-11.

---

[1] By fourth amended information.

[2] RCW 9.68A.070, former RCW 9.94A.030(37) (2000), and former RCW 9.94A.127 (2000).

[3] RCW 9A.36.041; RCW 10.99.020.

[4] RCW 9A.46.020; RCW 10.99.020.

[5] The trial court also denied Cannon's renewed motion to dismiss at the close of trial.

[6] The jury found Cannon guilty of seven counts of possession of depictions of minors engaged in sexually explicit conduct. The jury found Cannon not guilty on five counts of possession of depictions of minors engaged in sexually explicit conduct. The jury further found Cannon not guilty of fourth degree assault and harassment.

■ Under *Knapstad*, a defendant who relies on undisputed facts can move to dismiss the charges against him, arguing that the State fails to establish a prima facie case of guilt as a matter of law. 107 Wn.2d at 356-57. But after proceeding to trial, a defendant cannot appeal the denial of a *Knapstad* motion, which is a pretrial challenge to the sufficiency of the evidence. *State v. Richards*, 109 Wn. App. 648, 653, 36 P.3d 1119 (2001). He can, however, base an appeal on insufficiency of the evidence adduced at trial. *Richards*, 109 Wn. App. at 653.

■ Sufficient evidence supports a conviction when, viewing it in the light most favorable to the State, a rational fact finder could find the essential elements of the crime beyond a reasonable doubt. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). "A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *Salinas*, 119 Wn.2d at 201.

RCW 9.68A.070 provides that "[a] person who knowingly possesses visual or printed matter depicting a minor engaged in sexually explicit conduct is guilty of a class C felony." RCW 9.68A.011(2) defines "visual or printed matter" as "any photograph or other material that contains a reproduction of a photograph." When Cannon committed his charged offenses, former RCW 9.68A.011(1) (2000) defined "photograph" as "any tangible item produced by photographing."

Here, the court instructed the jury that in order to convict Cannon of the crime of possession of depictions of a minor engaged in sexually explicit conduct, it must find the following elements of the crime: (1) that between July 1, 2000 and April 20, 2001, Cannon (2) knowingly (3) possessed visual or printed matter, (4) that the printed matter depicted a minor, (5) that the minor depicted was engaged in sexually explicit conduct, and (6) the acts occurred in Washington.

In denying Cannon's *Knapstad* motion, the trial court relied on Division One's opinion in *State v. Rosul*, 95 Wn. App. 175, 974 P.2d 916, *review denied*, 139 Wn.2d 1006

(1999). In *Rosul*, the defendant argued that the legislature did not prohibit possession of digitized information stored on a CR-ROM or computer hard drive. 95 Wn. App. at 185. He contended that the material he possessed was not tangible as required by the statute and that the computer disk alone did not prove that he possessed any depictions of a minor involved in sexually explicit conduct. *Rosul*, 95 Wn. App. at 185.

The *Rosul* court disagreed and stressed that the statute applies to "any photograph" or " '*other material that contains a reproduction of a photograph.*' " *Rosul*, 95 Wn. App. at 186 (quoting RCW 9.68A.011(2)). Thus, the *Rosul* court held that the computerized pornographic images the defendant possessed originated as photographs and that the images fall within the proscriptions of RCW 9.68A.070. *Rosul*, 95 Wn. App. at 186. The *Rosul* court further noted that "the Legislature intended to draft the statute as broadly as possible to encompass any technology by which photographs containing child pornography could be reproduced and distributed." 95 Wn. App. at 186.

Cannon argues that the *Rosul* court's analysis is wrong. And he asserts that the legislature's amendment to its "photograph" definition indicates that it did not intend to include digital images before 2002. As a result, he argues that the State did not sufficiently prove the "visual or printed matter" element here. Finally, he contends that the legislature's disagreement with *Rosul* is implicit in its enacting an amendment. In summary, Cannon's argument assumes that the legislature disagreed with *Rosul* and that the law did not include digital images as part of "printed or visual matter" before 2002.

 In 2002, the legislature enacted a definition of "photograph" that added the words "digital image" and "intangible" to it. LAWS OF 2002, ch. 70, § 1.[7] In general, when we interpret a new legislative enactment, we pre-

---

[7] Under the current version of RCW 9.68A.011(1), "[t]o 'photograph' means to make a print, negative, slide, digital image, motion picture, or videotape. A 'photograph' means anything tangible or intangible produced by photographing."

sume that it amends rather than clarifies existing law and applies prospectively. *Marine Power & Equip. Co. v. Wash. State Human Rights Comm'n Hearing Tribunal*, 39 Wn. App. 609, 615, 694 P.2d 697 (1985). But we do not engage in such a presumption when "an amendment clarifies existing law[,] and where that amendment does not contravene previous constructions of the law, the amendment may be deemed curative, remedial and retroactive. This is particularly so where an amendment is enacted during a controversy regarding the meaning of the law." *Tomlinson v. Clarke*, 118 Wn.2d 498, 510-11, 825 P.2d 706 (1992) (footnote omitted). Another " 'well recognized' indication of legislative intent to clarify a statute is the existence of ambiguities in the original act." *State v. McKinley*, 84 Wn. App. 677, 686, 929 P.2d 1145 (1997).

In 2002, the House and Senate introduced two identical bills, House Bill 1512 and Senate Bill 6346, to alter the definition of "photograph." The Final Bill Report on House Bill 1512 states, "The term 'photograph' in the child pornography statutes is expanded to include digital images and both tangible and intangible items." H.B. REP. on H.B. 1512, 57th Leg., Reg. Sess. (Wash. 2002). Cannon argues that by using the word "expand," the legislature indicates that it amended rather than clarified the statute. We disagree.

To rebut the presumption that a new legislative enactment amends and applies prospectively, there must be (1) an ambiguity in the original legislation, (2) a controversy about the former enactment's meaning, and (3) the lack of legislative contravention of a previous court construction of its meaning. The amendment here satisfies these three elements.

First there were no ambiguities as to the former enactment's meaning. And the Final Bill Report mentions *Rosul*, noting:

In a 1999 case, the Washington Court of Appeals, Division I, held that the crime of possessing child pornography includes

possessing digital computer images of child pornography. The defendant in that case argued that the statute only applies to tangible items and does not apply to digitized information stored on a computer hard drive. The court rejected that argument, reasoning that the computerized images originated as photographs and, therefore, fall within the meaning of the statute.

H.B. REP. on H.B. 1512, 57th Leg., Reg. Sess. (Wash. 2002). The Report did not disagree with *Rosul* nor did it indicate that digital images were not within its former enactment. Thus, the amendment simply clarified the definition.

Because, according to RCW 9.68A.011(2), Cannon possessed "visual or printed matter," his claim based on insufficiency of the evidence fails and we affirm.

HUNT, C.J., and SEINFELD, J., concur.