[Nos. 26262-6-III; 26263-4-III.  Division Three.  October 7, 2008.]

THE STATE OF WASHINGTON, *Respondent*, v. PERRY JAMES BACHE, *Appellant*.

898

*Douglas D. Phelps* (of *Phelps & Associates, PS*), for appellant.

*Steven J. Tucker, Prosecuting Attorney*, and *Mark E. Lindsey* and *Edward D. Hay, Deputies*, for respondent.

¶1 SWEENEY, J. — The State must prove the essential elements of a crime beyond a reasonable doubt. Here, the State charged the defendant with one count of indecent exposure and one count of communication with a minor for immoral purposes. The State also alleged that the defendant had previously been convicted of these same crimes. The previous convictions elevated these current charges from misdemeanors to felonies. The court did not, however, instruct the jury that prior convictions were essential elements of the crimes; nor did it otherwise require the State to prove the prior convictions. We conclude this was error, and we reverse and remand.

## FACTS

¶2 The State charged Perry Bache with one count of felony communication with a minor for immoral purposes

and one count of felony indecent exposure. Both crimes are misdemeanors unless the defendant has previously been convicted of a sex offense. RCW 9A.88.010 (indecent exposure); RCW 9.68A.090 (communication with a minor for immoral purposes). Mr. Bache had earlier pleaded guilty to one count of communication with a minor for immoral purposes and one count of indecent exposure in 2004. And the court had sentenced him to 48 months' probation for those crimes.

¶3 The State then charged these earlier convictions as the requisite predicate offenses to elevate the two current charges to felonies. Mr. Bache moved to bifurcate the trial. He wanted one jury to decide whether he committed the current crimes and another to decide whether he had committed the earlier crimes. Report of Proceedings (RP) (Mar. 19, 2007) at 12; RP (June 5, 2007) at 12-15. The trial judge refused the invitation.

¶4 The judge read the information to the venire, and it included allegations that Mr. Bache had previously been convicted of the earlier sex crimes. Mr. Bache's lawyer objected. The judge admitted hearsay statements made by the victim to the police and her mother. The jury found Mr. Bache guilty of one count of communication with a minor for immoral purposes and one count of indecent exposure.

¶5 The State also filed a notice of probation violation based on his earlier convictions because Mr. Bache had failed to provide the Department of Corrections with an approved address. Mr. Bache moved to dismiss the probation violation. He argued that the 48-month probationary period was wrong. He argued that, if the maximum probationary period had been imposed (he says two years), the superior court would not have had jurisdiction to decide the violation issue in 2007. Mr. Bache now appeals the order modifying his conditions of probation and his convictions for these latest sex offenses.

## DISCUSSION

### Court's Jurisdiction over Probation Violation

¶6 Mr. Bache argues that the 48-month probationary period ordered following his 2004 convictions exceeded the judge's authority. He argues that the maximum period of probation the judge could have ordered was 24 months, not 48 months, and, therefore, the court lacked authority to sanction him for probation violations in 2007.

¶7 The State responds that Mr. Bache's challenge amounts to a collateral attack on an earlier sentence (one Mr. Bache did not appeal directly) and as such is barred by the one-year limitation on collateral attacks.

¶8 The questions whether this is a collateral attack, whether it is time barred, or whether instead it falls within an exception to the one-year limitation on collateral attacks are all questions of law that we review de novo. *City of Tacoma v. William Rogers Co.*, 148 Wn.2d 169, 181, 60 P.3d 79 (2002).

¶9 RCW 10.73.090(1) prohibits collateral attacks against criminal judgments and sentences if not brought within one year after the judgment and sentence becomes final. *In re Pers. Restraint of LaChapelle*, 153 Wn.2d 1, 6, 100 P.3d 805 (2004). This limitation does not apply if the judgment and sentence is facially invalid, however. *State v. Hibdon*, 140 Wn. App. 534, 539, 166 P.3d 826 (2007). A sentence is facially invalid if we need look no further than the face of the judgment and sentence to answer the challenge. *State v. Lewis*, 141 Wn. App. 367, 394, 166 P.3d 786 (2007), *review denied*, 163 Wn.2d 1030 (2008). "[T]he relevant question in a criminal case is whether the judgment and sentence is valid on its face, not whether related documents, such as plea agreements, are valid on their face." *In re Pers. Restraint of Turay*, 150 Wn.2d 71, 82, 74 P.3d 1194 (2003).

¶10 There are two problems with Mr. Bache's argument at this stage of the proceeding, either one of

which is fatal to his challenge. First, the judgment and sentence with which he takes issue is not part of this record. He must provide the record necessary for us to resolve the question. *State v. Meas*, 118 Wn. App. 297, 303 n.6, 75 P.3d 998 (2003). Second, he does not tell us why the judgment and sentence is invalid on its face. And that again is his obligation. *Turay*, 150 Wn.2d at 81-82.

ADMISSION OF CHILD HEARSAY

¶11 Mr. Bache argues that the statements made by the child victim in this case do not fall within the excited utterance exception to the general prohibition against hearsay because the statements were neither contemporaneous nor spontaneous. The State responds that the statements need not be either contemporaneous or spontaneous, just so long as the declarant is still under the influence of the event.

¶12 The announced standard of review here is the so-called abuse of discretion standard. *State v. Williamson*, 100 Wn. App. 248, 255, 996 P.2d 1097 (2000); *see also Bartlett v. Betlach*, 136 Wn. App. 8, 18, 146 P.3d 1235 (2006), *review denied*, 162 Wn.2d 1004 (2007). We recite the standard as if it were some sort of talisman that dictates the answer. It is not, and it will not.

¶13 The trial judge must first have made a preliminary finding of fact under ER 104(a) that the victim was still under the influence of an event at the time the statements were made before the judge could admit the evidence as an excited utterance. *Williamson*, 100 Wn. App. at 257. We review that decision for substantial evidence. *See Brin v. Stutzman*, 89 Wn. App. 809, 824, 951 P.2d 291 (1998) (appellate courts review factual findings for substantial evidence). Once the trial judge determined that the victim was still under the stress of the event when the statements were made, the judge could then conclude as a matter of law that the statements satisfied the legal requirements of the excited utterance exception to the general prohibition against admitting hearsay.

¶14 Mr. Bache also argues that the victim's statement must be contemporaneous or spontaneous. Br. of Appellant at 15. That is a question of law that we review de novo. *William Rogers Co.*, 148 Wn.2d at 181. The statement need not be spontaneous or contemporaneous. *See State v. Thomas*, 150 Wn.2d 821, 855, 83 P.3d 970 (2004); *State v. Flett*, 40 Wn. App. 277, 287-88, 699 P.2d 774 (1985). The question is whether the declarant was still under the stress of the event. ER 803(a)(2); *State v. Strauss*, 119 Wn.2d 401, 416, 832 P.2d 78 (1992). Statements in response to questions may still be admitted as excited utterances. *Johnston v. Ohls*, 76 Wn.2d 398, 405-06, 457 P.2d 194 (1969); *see Thomas*, 150 Wn.2d at 854.

¶15 Here, the judge found that the child was under the influence of the event:

> The statement has to be given at a time when the child here is under the influence of the startling event; it doesn't have to be contemporaneous with the event. The child still has to be under the influence of the event. The time itself is not exclusively determinative here.
>
> The testimony [by the victim's mother] shows that at some point in time [the victim] left the house and came back in to—and her mother came in and they all went to the park. An hour and a half later, they all got back from the park when she told her mother what was going on here. She apparently was fidgety. She was teary and looked like she was afraid, saying that her face was flushed like she'd seen a ghost. So I think that's sufficient to establish that she's under the influence of the startling event. The comments she made to her mother are being said while she's under the influence of the event, so I'm going to go ahead and allow it.

RP (Mar. 20, 2007) at 149-50. The court's findings are easily supported by this record. And the trial judge's conclusion that the statements need not be contemporaneous with the event is correct.

NECESSITY OF JURY FINDINGS ON THE PREDICATE SEX CRIMES

¶16 Mr. Bache argues that the trial judge should have required the State to prove and the jury to find that he had

previously committed the requisite predicate crimes, here indecent exposure and communication with a minor for immoral purposes, to elevate these crimes from misdemeanors to felonies. Br. of Appellant at 13-14. The State responds that this is essentially a sentencing issue and therefore there is no error.

¶17 *State v. Oster* supports Mr. Bache's contention that the prior convictions are essential elements of the felony crimes for which he was convicted in 2007. *State v. Oster*, 147 Wn.2d 141, 52 P.3d 26 (2002). In *Oster*, the court held that where the fact of prior convictions converts an offense from a gross misdemeanor to a felony, the prior convictions function as an element of the felony and must be proved beyond a reasonable doubt. *Id*. at 146. Ultimately, the court in *Oster* affirmed the conviction. *Id*. at 148. The court noted that all of the necessary elements for conviction must normally be stated in the elements instruction. *Id*. at 146-47. But the trial court there used a special verdict form. So the jury instructions, taken as a whole, set forth all the elements of the crime charged, and they also afforded the defendant protection from unfair prejudice that might attend his prior criminal history. *Id*. at 147-48.

¶18 Here, Mr. Bache requested a special verdict form but, along with that, he proposed that a second jury be impaneled to decide the specific elements of the predicate crimes. RP (Mar. 19, 2007) at 12; RP (Mar. 21-22, 2007) at 271. The court refused his request. RP (Mar. 21-22, 2007) at 271. Ultimately, the trial court's instructions did not require that the State prove these predicate crimes, *id*. at 280-81, nor did the verdict forms. *Id*. at 309.

¶19 The issue is first of all one of constitutional moment. *State v. Rosul*, 95 Wn. App. 175, 180, 974 P.2d 916 (1999). And it also presents a question of law. *State v. Shouse*, 119 Wn. App. 793, 796, 83 P.3d 453 (2004). So our review is de novo. *Id*.

¶20 Mr. Bache's prior convictions are essential elements of the felony offenses for which he was convicted. RCW 9A.88.010(2)(c); RCW 9.68A.090(2). The State must prove

each essential element of the crime. *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970). And jury instructions must "clearly set forth the elements of the crime charged." *Oster*, 147 Wn.2d at 146. So an elements instruction that purports to present all of the requisite elements to the jury in a "complete statement of the law and yet omits an element creates a constitutional error requiring reversal." *Id.* at 147 (citing *State v. Smith*, 131 Wn.2d 258, 263, 930 P.2d 917 (1997)).

¶21 Prior convictions certainly pose a great risk of prejudice. *Id.* at 148. And so the element of these predicate crimes may be more properly addressed through a special verdict form. *Id.* But the State must nonetheless prove these predicate crimes beyond a reasonable doubt. *Id.* at 146 (citing *Winship*, 397 U.S. at 364).

¶22 We reverse the convictions and remand for trial. We reject Mr. Bache's challenge to his probation violation and affirm the superior court's order modifying probation.

SCHULTHEIS, C.J., and KULIK, J., concur.