[No. 26804-7-III.   Division Three.   February 26, 2009.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES D. RITTER, *Appellant*.

*William D. Edelblute*, for appellant.

*Steven J. Tucker, Prosecuting Attorney*, and *Mark E. Lindsey, Deputy*, for respondent.

¶1 BROWN, J. — James D. Ritter appeals his bench-trial convictions and exceptional sentence for six counts of first degree sexual misconduct, one count of communication with a minor for an immoral purpose, and one count of sexual exploitation of a minor. His convictions stem from his contacts with two teenage girls while he was their youth pastor and teacher. Mr. Ritter contends (1) he was prejudiced by the late filing of findings of fact and conclusions of law, (2) the evidence is insuffi-

cient to support his sexual exploitation of a minor conviction because his "webcam" viewing of the victim did not constitute a photograph saved on his computer, and (3) his exceptional sentencing lacked substantial and compelling reasons. In his additional grounds for review, Mr. Ritter contends the exploitation statute, RCW 9.68A.040, is unconstitutionally vague. We reject each contention and affirm.

## FACTS

¶2 Mr. Ritter was the director of the youth ministry at Holy Cross Lutheran Church and taught at the church's school. On six occasions, he had sexual intercourse with a member of his youth group, C.J. The convictions involving C.J. are not in dispute except as they bear on our sentencing issue.

¶3 K.M. attended the youth group and the school. Mr. Ritter communicated with K.M. via computer and the telephone. While communicating via the computer, Mr. Ritter persuaded K.M. to remove her top and expose her bare chest. He viewed her bare chest through a webcam. After K.M. showed her breasts, Mr. Ritter instant messaged her that she "was gorgeous. Perfect. He wished that he could touch them and see them every night." Report of Proceedings at 39. K.M. later reported the incident to her mother. C.J. also confided in K.M.'s mother her involvement with Mr. Ritter. K.M.'s mother reported the incidents to the police.

¶4 The State charged Mr. Ritter with six counts of first degree sexual misconduct for his actions involving C.J., one count of communication with a minor for immoral purposes for his actions involving K.M., and one count of sexual exploitation of a minor for his actions involving K.M.

¶5 Cory Pritchard, a digital forensic specialist with the Spokane County Sheriff's office, testified at Mr. Ritter's bench trial. He was able to recover chat logs and e-mails from Mr. Ritter's and K.M.'s computers. The chat logs indicate

Mr. Ritter was viewing webcam images. He explained a webcam picture is captured and then transmitted to the designated computer, but he could not recover the webcam pictures from Mr. Ritter's computer because webcam transmissions are viewed almost instantaneously rather than downloaded to the computer.

¶6 The court convicted Mr. Ritter as charged. His offender score was "18." Clerk's Papers (CP) at 162. The court imposed an exceptional sentence, running the 60-month sentence for the six counts of first degree sexual misconduct consecutively with the 120-month sentence for sexual exploitation of a minor.[1] The court concluded, "A standard range sentence is too lenient under the facts and circumstances of this case." CP at 162. The court also concluded Mr. Ritter was in a position of trust during the abuse of K.M.[2] Mr. Ritter appealed his convictions and sentence.

¶7 In his opening brief, he pointed out that findings of fact and conclusions of law were not filed following the bench trial as required by CrR 6.1(d). The court then filed the findings and conclusions, with findings specifically addressing the exploitation conviction.

## ANALYSIS

### A. Late Filed Findings and Conclusions

¶8 The issue is whether Mr. Ritter's bench-trial convictions should be reversed based on the untimely filing of the findings of fact and conclusions of law. He contends he was prejudiced by the late filing because the court tailored its findings to his assignments of error.

¶9 Generally, the failure to enter written findings and conclusions is a clerical error that may be corrected after an appeal is filed. *State v. Pruitt*, 145 Wn. App. 784,

---

[1] Mr. Ritter waived his right to a jury determination of aggravating factors.

[2] The sentencing court did *not* conclude either factor alone would justify an exceptional sentence.

794, 187 P.3d 326 (2008) (citing *State v. Vailencour*, 81 Wn. App. 372, 378, 914 P.2d 767 (1996)). But reversal is warranted if the defendant can show actual prejudice from belated entry of findings. *Id.* (citing *State v. Head*, 136 Wn.2d 619, 624, 964 P.2d 1187 (1998)). "The defendant may show prejudice by establishing that the belated findings were tailored to meet the issues raised in the appellant's opening brief." *Id.* The defendant carries the burden to establish such prejudice. *Id.*

¶10 In the court's oral ruling, it discussed in length the use of a webcam to allow Mr. Ritter to view K.M. topless. In his reply brief, Mr. Ritter assigns error to finding of fact 23, which states, "[A]n intangible digital image of [K.M.'s] bare chest was produced and viewed by the defendant." CP at 166. This written finding is almost identical to the court's oral ruling. Therefore, Mr. Ritter has failed to show the court tailored its written findings to his assignment of error. Because he has not met his burden of persuasion, Mr. Ritter cannot show actual prejudice from the court's belated filing of the findings and conclusions. Moreover, he was permitted to assign error to the court's finding and argue his appeal theories, further negating any prejudice.

B. Evidence Sufficiency—Sexual Exploitation of a Minor

¶11 The issue is whether sufficient evidence supports Mr. Ritter's sexual exploitation of a minor conviction. He contends the record does not show he compelled K.M. to "photograph" herself because a webcam viewing is not considered a photograph.

¶12 Evidence is sufficient to support a conviction if, viewed in the light most favorable to the State, it permits a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *State v. Tilton*, 149 Wn.2d 775, 786, 72 P.3d 735 (2003). "A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

¶13 The crux of Mr. Ritter's argument turns on the interpretation of "photograph" in the context of RCW 9.68A.040. We review matters of statutory interpretation de novo. *State v. Nemitz*, 105 Wn. App. 205, 210, 19 P.3d 480 (2001).

¶14 Under RCW 9.68A.040(1), a person is guilty of sexual exploitation of a minor if he or she

(a) Compels a minor by threat or force to engage in sexually explicit conduct, knowing that such conduct will be photographed or part of a live performance; [or]

(b) Aids, invites, employs, authorizes, or causes a minor to engage in sexually explicit conduct, knowing that such conduct will be photographed or part of a live performance.

¶15 The legislature has defined "photograph" as a "print, negative, slide, digital image, motion picture, or videotape." RCW 9.68A.011(1). "A 'photograph' means anything tangible or intangible produced by photographing." *Id.* The legislature added the words "digital image" and "intangible" in 2002. LAWS OF 2002, ch. 70, § 1.

¶16 In *State v. Rosul*, 95 Wn. App. 175, 185, 974 P.2d 916 (1999), decided before the legislature's 2002 amendment, the defendant argued that the legislature did not prohibit possession of digitized information stored on a CD-ROM or computer hard drive. The *Rosul* court disagreed and stressed that the statute applied to " 'any photograph' " or " 'other material that contains a reproduction of a photograph.' " *Id.* at 186 (emphasis omitted) (quoting RCW 9.68A.011(2)). Thus, the *Rosul* court held that the computerized pornographic images the defendant possessed originated as photographs and that the images fall within the proscriptions of RCW 9.68A.070. *Rosul*, 95 Wn. App. at 186. The *Rosul* court further noted that "the Legislature intended to draft the statute as broadly as possible to encompass any technology by which photographs containing child pornography could be reproduced and distributed." *Id.*

¶17 The legislature referenced the *Rosul* holding during the Final Bill Report before amending the definition of

RCW 9.68A.011. *See State v. Cannon*, 120 Wn. App. 86, 92-93, 84 P.3d 283 (2004) (quoting H.B. REP. on H.B. 1512, 57th Leg., Reg. Sess. (Wash. 2002)). "The Report did not disagree with *Rosul.*" *Id.* at 93.

¶18 Interpreting "photograph" as broadly as possible to encompass any technology containing child pornography, and viewing Mr. Pritchard's and K.M.'s testimonies in favor of the State, the sexually explicit acts viewed by Mr. Ritter over his webcam would be considered a "photograph" for purposes of RCW 9.68A.040. A webcam viewing would be characterized as an intangible digital image. Therefore, sufficient evidence exists to support Mr. Ritter's exploitation conviction.

¶19 Affirmed.

¶20 The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with RCW 2.06.040, the rules governing unpublished opinions.

SCHULTHEIS, C.J., and KULIK, J., concur.

Reconsideration denied May 7, 2009.

Review denied at 166 Wn.2d 1038 (2009).